Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Fax:  213-485-1200

Attorney for Defendant
CENERGY INTERNATIONAL SERVICES, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE CUMMINGS, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> CENERGY INTERNATIONAL SERVICES, LLC, <br><br> Defendant. | CASE NO.  1:17-cv-00484-LJO-JLT <br> Hon. Lawrence J. O'Neill <br><br> **DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC'S MOTION TO DISMISS COLLECTIVE ACTION COMPLAINT FOR DECLARATORY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  June 1, 2017 <br> Time:  8:30 a.m. <br> Courtroom: 4 <br><br> ([Proposed] Order Filed Concurrently Herewith) <br><br> Complaint filed:  April 5, 2017 |

///

///

///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 1, 2017 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Lawrence J. O'Neill in Courtroom 4 of the above-entitled court located at 2500 Tulare Street, 7th Floor, Fresno, CA 93721, Defendant Cenergy International Services, LLC ("CIS") will, and hereby does, move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), for an order dismissing Plaintiffs Donnie Cummings, Christopher Jones, and Charles Beaty's ("Plaintiffs") Collective Action Complaint for Declaratory Judgment on the grounds that (1) Plaintiffs lack standing to bring a declaratory judgment against CIS, (2) Plaintiffs fail to allege facts sufficient to support subject matter jurisdiction in this Court, and (3) Plaintiffs fail to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities thereof, all pleadings and papers on file herein, and on such evidence or oral argument as may be presented at or before the hearing of this matter.

Dated: May 2, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LOCKE LORD LLP


　　　　　　　　　　　　　　　　　　　　By: ___*/s/ Nina Huerta*___
　　　　　　　　　　　　　　　　　　　　　　Nina Huerta
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　CENERGY INTERNATIONAL
　　　　　　　　　　　　　　　　　　　　SERVICES, LLC

2
MOTION TO DISMISS
*Cummings et al. v. Cenergy International Services, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Cenergy International Services, LLC ("CIS") hereby submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Collective Action Complaint for Declaratory Judgment (the "Complaint") filed by Plaintiffs Donnie Cummings, Christopher Jones, and Charles Beaty ("Plaintiffs").

## I. INTRODUCTION

On April 5, 2017, Plaintiffs filed this purported collective action under the Fair Labor Standards Act ("FLSA") solely to seek declaratory relief concerning certain Master Service Agreements entered into between CIS and Plaintiffs' respective employers (the "Agreements"). More specifically, Plaintiffs seek a declaration that an indemnification provision contained in the Agreements is unenforceable "to the extent that Cenergy may attempt to use the indemnification provision in its Master Services Agreement to seek payments to which it has no legal right." (Compl. ¶ 39).

Plaintiffs' Complaint fails to allege facts sufficient to support Plaintiffs' request for declaratory relief. First, as a threshold matter, Plaintiffs' allegations make clear they lack standing to bring the instant lawsuit. Plaintiffs are not parties to the Agreements. Rather, the Agreements were entered into between CIS and Plaintiffs' respective employers: Cummings Consulting LLC, Chris Jones DSM, LLC, and Drilling Consultants, Inc. A stranger to a contract lacks standing to seek a declaration of rights concerning a contract to which it or he is not a party.

Second, Plaintiffs' Complaint fails to allege facts sufficient to support subject matter jurisdiction in this Court. Plaintiffs ostensibly assert subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because their lawsuit is purportedly "brought under 28 U.S.C. § 2201 for a declaratory judgment with respect to the FLSA, 29 U.S.C. §§ 201 et seq." (Compl. ¶ 15). The Declaratory Judgment Act (28 U.S.C. § 2201), however, only creates a remedy and is not an independent basis for jurisdiction. Plaintiffs' attempt to establish subject matter jurisdiction under the FLSA similarly fails because § 216(b) of the FLSA only allows **employees** to bring a cause of action against an

**employer** for **unpaid minimum wages or unpaid overtime wages**. Plaintiffs' own pleading does not include a single allegation that CIS is, or ever was, their employer, or that CIS violated the FLSA in any way. Rather, Plaintiffs allege that Chevron Corporation ("Chevron") was their employer and violated the FLSA by allegedly not paying overtime wages. Indeed, Plaintiffs have joined a separate lawsuit against Chevron seeking their alleged unpaid overtime wages. (Compl. ¶ 2; *McQueen et al. v. Chevron*, N.D. Cal. Case No. 4:16-cv-02089-JSW) (the "*McQueen* Action").

Furthermore, because Plaintiffs' purport to bring this lawsuit as a collective action under the FLSA, but fail to include a single allegation in their Complaint that CIS is, or ever was, their employer, or that CIS violated the FLSA, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint merely seeks a declaratory judgment concerning the enforceability of an indemnification provision contained in the Agreements. This is purely a state law issue—not one contemplated by the FLSA. Accordingly, this lawsuit does not belong in federal court.

For these reasons, and as discussed more fully below, CIS respectfully requests that the Court grant the instant motion and dismiss Plaintiffs' entire Complaint with prejudice.

## II. RELEVANT ALLEGATIONS

On or around November 1, 2013, CIS engaged Chris Jones DSM, LLC as an independent contractor to provide certain professional services from time to time pursuant to certain master service agreements between CIS and its customers. (Compl. Exh. A) (the "Jones DSM, LLC Agreement"). CIS entered into similar agreements with Cummings Consulting, LLC (the "Cummings Consulting Agreement") and Drilling Consultants, LLC (the "Drilling Consultants Agreement") on or around January 1, 2014 and April 28, 2014, respectively. (Compl. Exhs. B, C). Chris Jones DSM, LLC, Cummings Consulting, LLC and Drilling Consultants, LLC will be collectively referred to as the "Contractor Entities."

Pursuant to CIS's master service agreement with Chevron, Chevron paid CIS for identifying and furnishing the Contractor Entities to Chevron, and CIS paid the Contractor Entities for furnishing services and personnel to Chevron. (Compl. ¶¶ 9-11). CIS further agreed to defend and indemnify Chevron for any costs, expenses, and other damages arising from any claim or loss as a result of or arising under its agreement with Chevron to identify, engage, and furnish certain services to Chevron. On April 20, 2016, an FLSA collective action was filed against Chevron by workers asserting various wage and hour claims under the FLSA and the California Labor Code. *See McQueen* Action, Dkt. Entry No. 1.

CIS sent letters to the Contractor Entities after learning that certain of the Contractor Entities' employees had joined the *McQueen* Action. CIS requested that, pursuant to the Agreements, the Contractor Entities reimburse CIS for any and all costs that CIS incurred or owed to Chevron as a result of the *McQueen* Action, and pursuant to CIS's agreement with Chevron.

**Plaintiffs**, not the Contractor Entities, then initiated this lawsuit (purportedly as a collective action under the FLSA), seeking a declaratory judgment by this Court regarding the enforceability of the indemnification provision agreed to by and between the Contractor Entities and CIS. For the reasons set forth below, Plaintiffs' lawsuit should be dismissed in its entirety with prejudice.

### III.  ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) allows for claims to be dismissed based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing to pursue their claims.

*Allen v. Wright,* 468 U.S. 737, 750 (1984). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Because standing pertains to federal courts' subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

### A. Plaintiffs Lack Standing to Bring a Declaratory Judgment Action Against CIS Because Plaintiffs Are Not Parties to the Agreement Containing the Contractual Provision at Issue.

Pursuant to long-standing Ninth Circuit and California law, "[g]enerally, a party does not have standing to request declaratory judgment regarding the enforceability of a contract to which it is neither a party nor a third-party beneficiary." *See Evans v. Sirius Computer Solutions, Inc.*, No. 3:12-CV-46-AA, 2012 WL 1557294, at *2 (D. Or. May 1, 2012) (citing *Tri–State Generation & Transmission Ass'n, Inc. v. BNSF Ry. Co.,* 2008 WL 2465407 at *2 (D. Ariz. June 17, 2008)); *Newcal Indus., Inc. v. Ikon Office Sols., Inc.*, No. C04-2776 FMS, 2004 WL 3017002, at *8 (N.D. Cal. Dec.

23, 2004) (holding that the plaintiff lacked standing to seek a declaratory judgment regarding rights and obligations under a contract to which it was not a party, and recognizing that Ninth Circuit courts facing the same issue have held similarly); *Grondal v. U.S.*, 682 F.Supp.2d 1203, 1220 (E.D. Wash. 2010).

Moreover, "[t]he general rule in California is that one who is not a party to a contract may not sue to enforce its terms." *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 5687344, at *5 (N.D. Cal. Nov. 4, 2014) (citing *Gantman v. United Pac. Ins. Co.,* 232 Cal. App. 3d 1560, 1566 (1991) ("Someone who is not party to a contract has no standing to enforce the contract.")). This holds true for corporate employees and officers who attempt to sue on behalf of a corporation. *Pulver v. Battelle Mem'l Inst.*, 536 F. App'x 730 (9th Cir. 2013) ("The district court properly dismissed the action because Pulver was not a party to the contract in his individual capacity and lacked standing to maintain the corporate plaintiff's breach of contract claim in his individual capacity following the dismissal of the corporate plaintiff."); *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439–40 & n. 13 (9th Cir. 1979) (president and sole stockholder of corporation lacked standing in his individual capacity to assert contract claims on behalf of corporation).

The sole basis of Plaintiffs' Complaint centers upon the enforceability of an indemnification provision contained within the Agreements entered by and between CIS and the Contractor Entities, Plaintiffs' respective employers. (Compl. ¶ 8). Thus, as a threshold matter, Plaintiffs' allegations preclude them from asserting standing to bring the instant lawsuit because Plaintiffs are not parties to the Agreements that contain the indemnification provision at issue. Plaintiffs' own pleading establishes that the Contractor Entities, and not Plaintiffs in their individual capacities, are the only parties to the Agreements with CIS. (Compl. ¶ 4; Compl. Exhs. A – C). Indeed, CIS's demand letters were sent to the Contractor Entities, not Plaintiffs, and requested that the Contractor Entities, not Plaintiffs, indemnify CIS for any and all costs that it

///

incurs or owes as a result of Plaintiffs' lawsuit against Chevron in accordance with the respective Agreements. (Compl. ¶ 5; Compl. Exh. D).

Because Plaintiffs are not parties to the Agreements at issue in their Complaint, Plaintiffs' allegations preclude them from asserting standing to request a declaratory judgment regarding the enforceability of the indemnification provision at issue. Accordingly, subject matter jurisdiction is lacking, and Plaintiffs' Complaint should be dismissed with prejudice.

### B. Plaintiffs' Complaint Fails to Establish This Court Has Subject Matter Jurisdiction Because Plaintiffs Fail to Establish an Independent Basis for Federal Question Jurisdiction.

Plaintiffs allege that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because their lawsuit is purportedly "brought under 28 U.S.C. § 2201 for a declaratory judgment with respect to the FLSA, 29 U.S.C. §§ 201 et seq." (Compl. ¶ 15). Plaintiffs' Complaint, however, fails to allege facts sufficient to support subject matter jurisdiction in this Court.

First, "[d]eclaratory and injunctive relief are remedies, not causes of action." *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. App'x 680, 684 (9th Cir. 2014). The Declaratory Judgment Act, 28 U.S.C. § 2201, "only creates a remedy and is not an independent basis for jurisdiction." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Accordingly, "[i]n order to obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Ajetunmobi*, 595 Fed. App'x at 684 (internal quotation markers and alterations omitted). Thus, to the extent Plaintiffs' Complaint alleges this Court has federal question jurisdiction solely based on the Declaratory Judgment Act, Plaintiffs fail to establish subject matter jurisdiction.

Secondly, Plaintiffs cannot invoke federal question jurisdiction merely by referencing the FLSA. Plaintiffs do not allege a violation of the FLSA or ask for the Court to determine the parties' respective rights under the FLSA. Plaintiffs futilely

purport to bring the instant lawsuit as a collective action under 29 U.S.C. § 216(b) for declaratory judgment. (Compl. ¶¶ 1, 15, 38-39). Unlike the claim Plaintiffs attempt to bring here, "29 U.S.C. § 216(b) authorizes **employees** to bring suit against an **employer** who violates Sections 206 and 207 of the Act, governing minimum wages and maximum hours worked, respectively." *Berndt v. City of Los Angeles*, 2012 WL 12920839, at *5 (C.D. Cal. May 31, 2012) (emphasis added); *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp.2d 1215, 1217 (D. Nev. 2011) ("An FLSA claim may only be brought against an 'employer.'"); 29 U.S.C. § 216(b). Thus, in order for Plaintiffs to escape dismissal, "they must allege some facts from which this Court could find plausible that [CIS] exercised the requisite control that would expose them to liability under the FLSA as an employer." *Buenaventura*, 803 F.Supp.2d at 1217.

Plaintiffs' Complaint does not include a single allegation that CIS is, or ever was, their employer, or that CIS has violated the FLSA. Rather, Plaintiffs' Complaint repeatedly alleges that Chevron acted as their employer and that Chevron allegedly failed to pay them overtime. (Compl. ¶¶ 3, 18-27, 42). Thus, because Plaintiffs' allegations, with respect to CIS, fail to implicate the remedial purpose of the FLSA, this Court lacks subject matter jurisdiction.

In addition, Plaintiffs' allegations do not amount to a claim for declaratory relief under the FLSA. Plaintiffs do not, for example, assert that an employment policy or procedure worked to deprive Plaintiffs of overtime compensation or minimum wages. Rather, this lawsuit seeks declaratory relief concerning a state law matter – the enforceability of a contractual provision contained in CIS's Master Service Agreement entered by and between CIS and Plaintiffs' respective employers, the Contractor Entities. *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015) ("[T]he interpretation of a contract is ordinarily a matter of state law to which we defer[.]"); *Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency*, 389 F. Supp. 486, 490 (N.D. Cal. 1975), *aff'd,* 561 F.2d 1327 (9th Cir. 1977) ("[T]he interpretation and enforcement of contracts are ordinarily matters of state law.").

Because Plaintiffs' Complaint, on its face, concerns an issue that is a matter of state law, and Plaintiffs do not allege any other independent basis for federal question jurisdiction, Plaintiffs' Complaint fails to allege facts sufficient to support their allegation that this Court has subject matter jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983) ("As an initial proposition, then, the law that creates the cause of action is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is really one of federal law." (internal quotation marks omitted)).

Further, Plaintiffs cannot use declaratory relief as the proper mechanism to adjudicate an expected defense in a lawsuit. To the extent Plaintiffs attempt to argue that federal question jurisdiction applies because the FLSA may impact CIS's ability to enforce the contract between it and the Contractor Entities, Plaintiffs' attempt to invoke federal question jurisdiction would still fail. *See id.* at 16 ("[U]nder the well-pleaded complaint rule, an action by Phillips to enforce its contract would not present a federal question. . . . *Skelly Oil* has come to stand for the proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking.'" (citations omitted) (citing to *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1983)).

Therefore, Plaintiffs' Complaint fails to establish that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, and Plaintiffs' Complaint should be dismissed with prejudice.

///

///

///

///

///

### C. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the FLSA Does Not Provide a Remedy For the Relief They Seek.

Plaintiffs' Complaint purports to seek a declaratory judgment under 28 U.S.C. § 2201 "with respect to the FLSA," but the FLSA does not provide for the type of relief sought by Plaintiffs. In relevant part, 29 U.S.C. § 216(b) provides that:

> "Any **employer** who violates the provisions of section 206 [unpaid minimum wages] or section 207 [unpaid overtime] of this title shall be liable to the **employee or employees** affected **in the amount of their unpaid minimum wages, or their unpaid overtime compensation**, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any **employer** (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees** for and in behalf of himself or themselves and other employees similarly situated."

29 U.S.C. § 216(b) (emphasis added). Plaintiffs' purported collective action under 29 U.S.C. § 216(b) **is not** brought by employees against an employer, as Plaintiffs have not alleged that CIS is, or has ever been, their employer. Further, Plaintiff's Complaint **does not** seek unpaid minimum wages or unpaid overtime compensation from CIS, or even allege that CIS has violated the FLSA in any way. Indeed, as discussed above, Plaintiffs' Complaint is not truly brought under the FLSA.

9

MEMORANDUM OF POINTS AND AUTHORITIES
*Cummings et al. v. Cenergy International Services, LLC*

Instead, Plaintiffs' Complaint goes to the issue of enforceability of a contractual indemnity provision under state law.

Accordingly, because 29 U.S.C. § 216(b) does not provide for the type of relief sought by Plaintiffs—declaratory judgment regarding the enforceability of a contractual indemnity provision—Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and Plaintiffs' Complaint should be dismissed with prejudice.

## IV. CONCLUSION

Plaintiffs' attempt to bring this lawsuit as a collective action under the FLSA for declaratory relief fails because (1) Plaintiffs lack standing to bring a declaratory judgment against CIS, (2) Plaintiffs fail to allege facts sufficient to support subject matter jurisdiction in this Court, and (3) Plaintiffs fail to state a claim upon which relief can be granted.

For all these reasons, CIS respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and without leave to amend.

Dated: May 2, 2017

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Nina Huerta
Nina Huerta
Attorney for Defendant
CENERGY INTERNATIONAL SERVICES, LLC