Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Fax:  213-485-1200

Attorney for Defendant
CENERGY INTERNATIONAL SERVICES, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE CUMMINGS, ET AL.,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>CENERGY INTERNATIONAL SERVICES, LLC,<br><br>　　　　　　　　Defendant. | CASE NO.  1:17-cv-00484-LJO-JLT<br><br>Hon. Lawrence J. O'Neill<br><br>**DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:　　　　June 1, 2017<br>Time:　　　　8:30 a.m.<br>Courtroom:　　4<br><br>Complaint filed:  April 5, 2017 |

///

///

///

///

///

# TABLE OF CONTENTS

| | Page No(s) |
|---|---|
| I. INTRODUCTION …………………………………………………………..…… | 1 |
| II. RELEVANT ALLEGATIONS …………………………………………….…….. | 2 |
| III. ARGUMENT ………………………………………………………………..……. | 3 |
|     A. Plaintiffs Fail to Plead, Let Alone Prove, Entitlement to Injunctive Relief ……………………………………………………………..………….. | 4 |
|     B. Plaintiffs Fail to Establish, By a Clear Showing, Likelihood of Success on the Merits with Respect to the Challenged Indemnification Provision ......... | 5 |
|         1. Plaintiffs' Motion fails because Plaintiffs have failed to establish subject matter jurisdiction or to state a claim upon which can be granted ……………………………………………………………….. | 5 |
|         2. Case law cited by Plaintiffs does not support Plaintiffs' attempt to establish a likelihood of success on the merits ………………………… | 7 |
|         3. At least two federal courts have found contractual indemnification of FLSA liability to be permissible ……………………………………….. | 9 |
|         4. Plaintiffs fail to establish, by a clear showing, any of the remaining elements necessary to obtain a preliminary injunction ………………… | 12 |
|     C. Plaintiffs Fail to Establish, By a Clear Showing, Likelihood of Success on the Merits with Respect to the Arbitration Proceedings ….………...………. | 12 |
|     D. Plaintiffs Fail to Establish, By a Clear Showing, A Likelihood That Plaintiffs Will suffer Irreparable Harm in the Absence of Preliminary Relief ……………………………………………..………………………… | 13 |
|     E. Plaintiffs Fail to Establish, By a Clear Showing, That the Balance of Equities Tips in Plaintiffs' Favor, or That an Injunction is in the Public Interest …………………………………………………………………...…….. | 15 |
| IV. CONCLUSION ……………………………………………………...……………… | 15 |

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ajetunmobi v. Clarion Mortg. Capital, Inc.*,
　595 Fed. App'x 680 (9th Cir. 2014) ...................................................................................... 6

*Alliance for the Wild Rockies v. Cottrell*,
　632 F.3d 1127 (9th Cir. 2011) .............................................................................................. 3

*Arcamuzi v. Cont'l Air Lines, Inc.*,
　819 F.2d 935 (9th Cir. 1987) .............................................................................................. 14

*Berndt v. City of Los Angeles*,
　2012 WL 12920839 (C.D. Cal. May 31, 2012) .................................................................... 6

*Buenaventura v. Champion Drywall, Inc.*,
　803 F.Supp.2d 1215 (D. Nev. 2011) ..................................................................................... 6

*Carrillo v. Schneider Logistics, Inc.*,
　2012 WL 556309 (C.D. Cal. Jan. 31, 2012) ....................................................................... 14

*DIRECTV, Inc. v. Imburgia*,
　136 S. Ct. 463 (2015) ............................................................................................................ 6

*Gustafson v. Bell Atlantic Corp*,
　171 F.Supp.2d 311 (S.D.N.Y. 2001) ......................................................................... 9, 10, 11

*Harris v. Acme Universal, Inc.*,
　2014 WL 3907107 (D. Guam Aug. 11, 2014) ................................................................... 14

*Herman v. RSR Sec. Servs. Ltd.*,
　172 F.3d 132 (2d Cir. 1999) ..................................................................................... 8, 9, 10, 11

*Idaho v. Coeur d'Alene Tribe*,
　794 F.3d 1039 (9th Cir. 2015) ............................................................................................ 14

*Itzep v. Target Corporation*,
　2010 WL 2278349, at *1-2 (W.D. Tex. June 4, 2010) ................................................. 10, 11

*LeCompte v. Chrysler Credit Corp.*,
　780 F.2d 1260 (5th Cir. 1986) ................................................................................... 8, 10, 11

*Lopez v. Brewer*,
　680 F.3d 1068 (9th Cir. 2012) ........................................................................................ 3, 12

*Lyle v. Food Lion, Inc.*,
　954 F.2d 984 (4th Cir. 1992) ........................................................................................... 8, 10

*Martin v. Gingerbread House, Inc.*,
  977 F.2d 1405 (10th Cir. 1992) ...................................................................................................8

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997)................................................................................................................1, 3

*McQueen et al. v. Chevron*,
  N.D. Cal. Case No. 4:16-cv-02089-JSW .................................................................2, 3, 14, 15

*NovelPoster v. Javitch Canfield Grp.*,
  No. 13-CV-05186-WHO, 2014 WL 5687344 (N.D. Cal. Nov. 4, 2014) ...................................4, 5

*Perez v. Alkanan, Inc.*,
  2013 WL 12129857 (C.D. Cal. Dec. 16, 2013) .........................................................................14

*Perez v. Fatima/Zahra, Inc.*,
  2014 WL 2154092 (N.D. Cal. May 22, 2014) ..........................................................................14

*Pulver v. Battelle Mem'l Inst.*,
  536 F. App'x 730 (9th Cir. 2013) ................................................................................................4

*Quintana v. Explorer Enters., Inc.*,
  2010 WL 2220310 (S.D. Fla. June 3, 2010) ...............................................................................8

*Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency*,
  389 F. Supp. 486 (N.D. Cal. 1975), *aff'd,* 561 F.2d 1327 (9th Cir. 1977) .....................................6

*Sherman v. British Leyland Motors, Ltd.*,
  601 F.2d 429 (9th Cir. 1979) ......................................................................................................4

*Varnell, Struck & Associates, Inc. v. Lowe's Companies, Inc.*,
  2008 WL 1820830 at *10 (W.D.N.C. Apr. 21, 2008) ........................................................9, 11, 12

*Villareal v. El Chile, Inc.*,
  601 F.Supp.2d (N.D. Ill. 2009) ...................................................................................................8

*Winter v. NRDC*,
  555 U.S. 7 (2008)....................................................................................................................3, 12

**Federal Statutes**

28 U.S.C. § 1331...............................................................................................................................5

28 U.S.C. § 2201......................................................................................................................1, 5, 6

29 U.S.C. §§ 201 et seq................................................................................................... *passim*

29 U.S.C. § 216(b) .......................................................................................................................6, 7

**Other Authorities**

11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 at 129–
   130 (2d ed. 1995) ........................................................................................................................1, 3

## I.   INTRODUCTION

On April 5, 2017, Plaintiffs Donnie Cummings, Christopher Jones, and Charles Beaty ("Plaintiffs") filed this action – ostensibly as a "collective action" – seeking a declaration pursuant to 28 U.S.C. § 2201 that certain Master Service Agreements (the "Agreements") between Defendant Cenergy International Services, LLC ("CIS") and third parties (Plaintiffs' respective employers) violate the Fair Labor Standards Act ("FLSA").  More specifically, Plaintiffs sought a declaration that an indemnification provision contained in the Agreements is unenforceable "to the extent that Cenergy may attempt to use the indemnification provision in its Master Services Agreement to seek payments to which it has no legal right." (Compl. ¶ 39).

Now, Plaintiffs seek a preliminary injunction broadly enjoining CIS from attempting to enforce these Agreements in **any** forum against **any** entity that entered into one of the Agreements – despite the fact that **Plaintiffs are not parties to these Agreements** nor has any actual party to one of the Agreements sought this relief.  As discussed in the Motion to Dismiss filed by CIS, Plaintiffs' lawsuit is not properly before this Court because (1) Plaintiffs lack standing to bring a declaratory judgment against CIS, (2) Plaintiffs fail to allege facts sufficient to support subject matter jurisdiction in this Court, and (3) Plaintiffs fail to state a claim upon which relief can be granted. (Dkt. Entry No. 7.)  Plaintiffs have failed to even **plead** a cognizable request for relief, let alone produce evidence establishing by a "clear showing" they are entitled to a preliminary injunction, which the Supreme Court has described as "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 at 129–130 (2d ed. 1995)).

Plaintiffs fail to establish they are entitled to the extraordinary and drastic remedy of a preliminary injunction, and Plaintiffs' Motion for Preliminary Injunction ("Plaintiffs' Motion") should be denied.  First, as a threshold matter Plaintiffs fail to plead, let alone prove, entitlement to injunctive relief. Plaintiffs' request for preliminary injunctive relief is not properly alleged in Plaintiffs' Complaint, which is completely devoid of any request for injunctive relief.  Moreover, because Plaintiffs are not parties to the Agreements that contain the indemnification provision at

issue, nor parties to the arbitration proceedings that they seek to enjoin, Plaintiffs' allegations preclude them from asserting standing to bring the instant lawsuit or to seek a preliminary injunction concerning the enforceability of the Agreements.

Even if Plaintiffs could establish standing to seek an injunction, Plaintiffs have failed to carry, by a clear showing, their burden of persuasion in showing 1) likelihood of success on the merits; 2) the likelihood Plaintiffs will suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in Plaintiff's favor; and 4) that an injunction is in the public interest.

For these reasons, and as set forth more fully below, CIS respectfully requests that the Court grant the instant motion and dismiss Plaintiffs' entire Complaint with prejudice.

## II.   RELEVANT ALLEGATIONS

Between 2013 and 2014, CIS entered into written agreements with Cummings Consulting LLC, Chris Jones DSM, LLC, and Drilling Consultants, Inc. ("the Contractor Entities") whereby the Contractor Entities agreed to provide services to CIS's clients on an independent contractor-basis (the "Agreements"). (Compl. Exhs. A, B and C). Contractor Entities are in the business of providing well site/drill site management. (Compl. ¶¶ 1, 18 Exh. B). The Agreements include a "Dispute Resolution" provision requiring CIS and each of the Contractor Entities to submit all claims, disputes, or controversies arising out of or in relation to the Agreements to arbitration conducted by the American Arbitration Association ("AAA") in Houston, Texas. (*Id.*).

CIS was engaged by Chevron Corporation ("Chevron") to identify and furnish services and personnel to Chevron. (Compl. ¶¶ 9-11). Consequently, CIS identified and retained the Contractor Entities to provide their services and employees to Chevron. (*Id.*)

On April 20, 2016, an FLSA collective action was filed against Chevron by workers asserting various wage and hour claims under the FLSA and the California Labor Code. (Compl. ¶ 2; *McQueen et al. v. Chevron*, N.D. Cal. Case No. 4:16-cv-02089-JSW, at Dkt. Entry No. 1) (the "*McQueen* Action"). Plaintiffs (employees of the Contractor Entities) later opted into the *McQueen* Action. (Compl. ¶¶ 2, 18–27). In the *McQueen* Action, Plaintiffs claim they were actually employed by Chevron, instead of the Contractor Entities. (*Id.*). CIS subsequently requested that the Contractor

Entities (not Plaintiffs) reimburse CIS for any and all costs that CIS incurred or owed to Chevron as a result of the *McQueen* Action, pursuant to the Agreements.

On April 12, 2017, CIS initiated arbitration proceedings against two of the Contractor Entities, Drilling Consultants, LLC and Cummings Consulting, LLC, with the AAA in Houston, Texas. (Pls.' Mtn. Exhs. 1, 2). Plaintiffs now seek to broadly enjoin CIS from attempting to enforce its Agreements in **any** forum against **any** entity that entered into one of the Agreements – despite the fact that **Plaintiffs are not parties to these Agreements** nor has any actual party to one of the Agreements sought this relief.  For the reasons set forth below, the Court should deny Plaintiff's Motion for Preliminary Injunction because Plaintiff fails to state a plausible claim, let alone to offer sufficient evidence to warrant a preliminary injunction that would enjoin CIS from enforcing its contractual rights against, not only the non-party Contractor Entities, but additional entities that are not before this Court.

### III.   ARGUMENT

A preliminary injunction, including a TRO, is "an extraordinary remedy never awarded as of right."  *Winter v. NRDC*, 555 U.S. 7, 24 (2008).  It is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek*, 520 U.S. at 972 (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 at 129–130 (2d ed. 1995)).  To prevail, Plaintiffs must establish 1) likelihood of success on the merits; 2) the likelihood Plaintiffs will suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in Plaintiff's favor; and 4) that an injunction is in the public interest. *Id.* at 20.

While the Court may apply a sliding scale test under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another," Plaintiffs must show that irreparable harm is "likely, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (emphasis in original). The party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four required elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless

the movant, by a clear showing, carries the burden of persuasion") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

### A.     Plaintiffs Fail to Plead, Let Alone Prove, Entitlement to Injunctive Relief.

As a threshold matter, Plaintiffs' request for preliminary injunctive relief is not properly alleged in Plaintiffs' Complaint, which is completely devoid of any request for injunctive relief. (*See e.g.*, Compl. at Prayer for Relief). Rather, Plaintiffs' Complaint merely requests a declaratory judgment with respect to CIS's ability to enforce the indemnification provision, which CIS is seeking to enforce against the Contractor Entities and **not** against Plaintiffs.  Indeed, the arbitration proceedings initiated by CIS are against Drilling Consultants, LLC and Cummings Consulting, LLC, and **not** against Plaintiffs.   (Pls.' Mtn. Exhs. 1, 2).   Notwithstanding Plaintiffs' pleadings deficiencies, Plaintiffs now seek to broadly enjoin CIS from attempting to enforce its Agreements in **any** forum against **any** entity that entered into one of the Agreements – despite the fact that **Plaintiffs are not parties to these Agreements** nor has any actual party to one of the Agreements sought this relief.

"The general rule in California is that one who is not a party to a contract may not sue to enforce its terms." *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 5687344, at *5 (N.D. Cal. Nov. 4, 2014) (citing *Gantman v. United Pac. Ins. Co.,* 232 Cal. App. 3d 1560, 1566 (1991) ("Someone who is not party to a contract has no standing to enforce the contract.")).  This holds true for corporate employees and officers who attempt to sue on behalf of a corporation. *Pulver v. Battelle Mem'l Inst.*, 536 F. App'x 730 (9th Cir. 2013) ("The district court properly dismissed the action because Pulver was not a party to the contract in his individual capacity and lacked standing to maintain the corporate plaintiff's breach of contract claim in his individual capacity following the dismissal of the corporate plaintiff."); *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439–40 & n. 13 (9th Cir. 1979) (president and sole stockholder of corporation lacked standing in his individual capacity to assert contract claims on behalf of corporation).

Plaintiffs' own Complaint, Motion, and evidence establish that the Contractor Entities, and not Plaintiffs in their individual capacities, are the only parties to the Agreements with CIS, and are

the only parties subject to arbitration proceedings concerning the Agreements. (Compl. ¶ 4; Compl. Exhs. A – C); (Pls.' Mtn. at 5; Pls.' Mtn. Exhs. 1 – 2). Therefore, as a threshold matter, because Plaintiffs are not parties to the Agreements at issue here, nor parties to the arbitration proceedings they seek to enjoin, Plaintiffs' allegations preclude them from asserting standing to bring the instant lawsuit and seeking a preliminary injunction concerning the enforceability of the Agreements. Accordingly, Plaintiffs fail to state a claim on which relief may be granted and subject matter jurisdiction is lacking. Plaintiffs' Motion should be denied on these grounds alone.

### B. Plaintiffs Fail to Establish, By a Clear Showing, Likelihood of Success on the Merits with Respect to the Challenged Indemnification Provision.

#### 1. Plaintiffs' Motion fails because Plaintiffs have failed to establish subject matter jurisdiction or to state a claim upon which can be granted.

Plaintiff have not, and cannot, establish a likelihood of success on the merits because Plaintiffs' Collective Action Complaint for Declaratory Judgment, as plead, fails as a matter of law. As thoroughly briefed in CIS's Motion to Dismiss, which CIS fully incorporates into this Response by reference, Plaintiffs' underlying claim for declaratory relief fails as a matter of law because (1) Plaintiffs lack standing to bring a declaratory judgment against CIS, (2) Plaintiffs fail to allege facts sufficient to support subject matter jurisdiction in this Court, and (3) Plaintiffs fail to state a claim upon which relief can be granted.

First, as a threshold matter, Plaintiffs' allegations make clear they lack standing to seek declaratory relief, and therefore, cannot prevail on their Motion. Plaintiffs are not parties to the Agreements. Rather, the Agreements were entered into between CIS and Plaintiffs' respective employers: Cummings Consulting LLC, Chris Jones DSM, LLC, and Drilling Consultants, Inc. (Compl. ¶ 4; Compl. Exhs. A – C). A stranger to a contract lacks standing to seek a declaration of rights concerning a contract to which it or he is not a party. *See NovelPoster*, 2014 WL 5687344, at *5 ("Someone who is not party to a contract has no standing to enforce the contract.").

Second, Plaintiffs' Complaint fails to allege facts sufficient to support subject matter jurisdiction in this Court. Plaintiffs ostensibly assert subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because their lawsuit is purportedly "brought under 28 U.S.C. § 2201 for a declaratory

1  judgment with respect to the FLSA, 29 U.S.C. §§ 201 et seq." (Compl. ¶ 15). The Declaratory Judgment Act (28 U.S.C. § 2201), however, only creates a remedy and is not an independent basis for jurisdiction. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 Fed. App'x 680, 684 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."). Accordingly, "[i]n order to obtain declaratory relief in federal court, there must be an independent basis for jurisdiction." *Id.* (internal quotation marks and alterations omitted).

Plaintiffs' attempt to establish subject matter jurisdiction under the FLSA similarly fails because § 216(b) of the FLSA only allows **<u>employees</u>** to bring a cause of action against an **<u>employer</u>** for **<u>unpaid minimum wages or unpaid overtime wages</u>**. *Berndt v. City of Los Angeles*, 2012 WL 12920839, at *5 (C.D. Cal. May 31, 2012) ("29 U.S.C. § 216(b) authorizes **<u>employees</u>** to bring suit against an **<u>employer</u>** who violates Sections 206 and 207 of the Act, governing minimum wages and maximum hours worked, respectively." (emphasis added)); *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp.2d 1215, 1217 (D. Nev. 2011) ("An FLSA claim may only be brought against an 'employer.'"); 29 U.S.C. § 216(b). Thus, in order for Plaintiffs to escape dismissal, much less establish a likelihood of success on the merits, "they must allege some facts from which this Court could find plausible that [CIS] exercised the requisite control that would expose them to liability under the FLSA as an employer." *Buenaventura*, 803 F.Supp.2d at 1217.

Plaintiffs' own pleading does not include a single allegation that CIS is, or ever was, their employer, or that CIS violated the FLSA in any way. Rather, Plaintiffs allege that Chevron was their employer and violated the FLSA by allegedly not paying overtime wages. (Compl. ¶¶ 3, 18-27, 42).

Furthermore, because Plaintiffs purport to bring this lawsuit as a collective action under the FLSA, but fail to include a single allegation in their Complaint that CIS is, or ever was, their employer, or that CIS violated the FLSA, Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint merely seeks a declaratory judgment concerning the enforceability of an indemnification provision contained in the Agreements. This is purely a state law issue—not one contemplated by the FLSA. *DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 468 (2015) ("[T]he interpretation of a contract is ordinarily a matter of state law to which we defer[.]"); *Richmond Elks Hall Ass'n v. Richmond Redevelopment Agency*, 389 F. Supp. 486, 490 (N.D. Cal.

1975), *aff'd,* 561 F.2d 1327 (9th Cir. 1977) ("[T]he interpretation and enforcement of contracts are ordinarily matters of state law."). Accordingly, this lawsuit does not belong in federal court.

Finally, Plaintiffs' Complaint fails to state a claim upon which relief can be granted because the FLSA does not provide a remedy for the relief they seek. Plaintiffs purportedly seek declaratory relief under 29 U.S.C. § 216(b), which allows for **employees** to bring an action for **unpaid minimum wages, or their unpaid overtime compensation** against their **employer**. 29 U.S.C. § 216(b) (emphasis added). Plaintiffs' purported collective action under 29 U.S.C. § 216(b) **is not** brought by employees against an employer, as Plaintiffs have not alleged that CIS is, or has ever been, their employer. Further, Plaintiff's Complaint **does not** seek unpaid minimum wages or unpaid overtime compensation from CIS, or even allege that CIS has violated the FLSA in any way. Indeed, as discussed above, Plaintiffs' Complaint is not truly brought under the FLSA. Instead, Plaintiffs' Complaint goes to the issue of enforceability of a contractual indemnity provision under state law.

Accordingly, because 29 U.S.C. § 216(b) does not provide for the type of relief sought by Plaintiffs—declaratory judgment regarding the enforceability of a contractual indemnity provision—Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and therefore Plaintiffs have not, and cannot, establish a likelihood of success on the merits. Plaintiffs' Motion should be denied.

### 2. Case law cited by Plaintiffs does not support Plaintiffs' attempt to establish a likelihood of success on the merits.

Even if Plaintiffs could overcome their lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, Plaintiffs would still fail to establish, by a clear showing, a likelihood of success on the merits with respect to the enforceability of the challenged indemnification provision. First, it is undisputed that CIS is **not** seeking indemnity from any of Plaintiffs, which renders moot any claim by Plaintiffs. Rather, CIS seeks indemnity from the Contractor Entities, which are not parties to this lawsuit. Moreover, the crux of the instant lawsuit centers upon **contractual** indemnity, **not** common law indemnity. Each of these facts is fatal to Plaintiffs' claims.

///

Plaintiffs gloss over their failure to prove this threshold facts (*i.e.*, the existence of an employment relationship) and proceed to argue that "[a]t least four circuits have recognized that employers may not seek indemnification from employees for the obligation to pay wages required by the FLSA." (Pls.' Mtn. at 6). But the cases cited by Plaintiffs are totally inapposite and hold – at most – that an employer is limited when it comes to seeking indemnity from its own employees in the context of an employment relationship.

More specifically, six of the seven cases cited by Plaintiffs (*Herman*, *Martin*, *Lyle*, *LeCompte*, *Quintana*, and *Villareal*) involve an employer's pursuit of common law indemnity against managerial employees for these employees' apparent violations of the FLSA.[1] They do not involve any claims like those alleged here, where Plaintiffs do not plead, let alone prove, that an employment relationship existed and where one entity seeks <u>contractual</u> indemnity against <u>another entity</u>.

In each of these six cases cited by Plaintiffs, courts merely found that indemnity actions against supervisory personnel by employers who had been sued for FLSA violations are preempted by the Supremacy Clause of the Constitution. *See, e.g.*, *LeCompte*, 780 F.2d at 1264. Such cases are wholly distinguishable from the instant lawsuit, where 1) Plaintiffs have not even alleged that CIS

---

[1] *See LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (employer's counterclaim for indemnity against plaintiffs "based on the theory that they, when acting in a supervisory capacity, had perpetrated the Fair Labor Standards Act violations for which [the employer] is now held liable"); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) ("Food Lion counterclaimed and filed a third-party complaint against Tew on the ground that he breached his contract with Food Lion and his fiduciary duty to the company as a meat market manager by himself violating and allowing Lyle, an employee under his supervision, to violate Food Lion's policy against off-the-clock work."); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992) (agreeing that "[common law ]indemnity actions against supervisory personnel by employers who have been sued for FLSA violations are preempted by the Supremacy Clause"); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (affirming dismissal of corporation chairman's common law claims for contribution and indemnification against his co-owner and corporation's manager and vice president); *Villareal v. El Chile, Inc*., 601 F.Supp.2d, 1011, 1013–15 (N.D. Ill. 2009) (dismissing employer's counterclaim seeking common law indemnification from plaintiffs who were supervisor employees); *Quintana v. Explorer Enters., Inc.*, 2010 WL 2220310 at *1 (S.D. Fla. June 3, 2010) (dismissing employer's counterclaim seeking common law indemnification from plaintiff who was a supervisor employee).

was is or ever was their employer, and 2) CIS is not seeking indemnification from Plaintiffs, but rather, the Contractor Entities whom CIS engaged.

The *Gustafson v. Bell Atlantic Corp.* decision cited by Plaintiffs did involve a claim for contractual indemnification. 171 F.Supp.2d 311, 317 (S.D.N.Y. 2001). Critically, however, the plaintiff in that case alleged that Bell Atlantic Corporation ("Bell Atlantic") was his employer and that it had misclassified him as an independent contractor. *Id.* at 316. The court ultimately agreed, and granted the plaintiff's motion for summary judgment on that issue. *Id.* at 326. In turning to the issue of indemnification, the court ignored the contractual nature of the indemnification provision between Bell Atlantic and J.A.G. Services, Inc. (the plaintiff's other employer), and relied on the *Herman* decision in holding that the FLSA does not explicitly allow for indemnification or contribution. *Id.* at 328.  The *Herman* decision, however, did not involve contractual indemnity, but rather, common law indemnity under the FLSA, a distinction completely ignored by the *Gustafson* court.  Moreover, the plaintiff in the *Gustafson* decision alleged Bell Atlantic to be his employer and the court agreed, making the *Gustafson* decision inapplicable to the instant case.

### 3. At least two federal courts have found contractual indemnification of FLSA liability to be permissible.

Even if *Gustafson* were applicable, which it is not, Plaintiffs have still failed to show a likelihood of success on the merits because at least two courts have found contractual indemnification of FLSA liability to be permissible in the context of two entities agreeing to contractual indemnification.

In *Varnell, Struck & Assocs., Inc. v. Lowe's Companies, Inc.*, the court faced an argument similar to the one presented by Plaintiffs. 2008 WL 1820830, at *10 (W.D.N.C. Apr. 21, 2008).  In *Varnell*, a plaintiff attempted to use *Gustafson* to show that a contractual indemnification provision was invalid. *Id.*  Lowe's Companies, Inc. ("Lowe's) entered into various contracts with Varnell, Struck & Associates ("VSA"), each of which covered services for a different product line sold by Lowe's. *Id.* at *4. In each agreement, VSA agreed to defend and indemnify Lowe's against any claims that might arise relating to the work VSA performed in Lowe's stores. *Id.* Subsequently, VSA was sued in California by a group of VSA employees alleging wage-payment practices in

violation of labor laws. *Id.* The plaintiffs in that case eventually added Lowe's as a defendant in the California lawsuit, alleging Lowe's to be a joint employer of the plaintiffs along with VSA, and thus responsible for any labor law violations committed by VSA. *Id.* at *4–5.

Thereafter, Lowe's sued VSA for breach of contract and contended, among other things, that VSA breached its contractual duties to defend and indemnify Lowe's with respect to services performed by VSA for Lowe's. *Id.* at *2. VSA contended that the contracted for duties to defend and indemnity were unenforceable under the FLSA, and cited to many of the same cases cited by the Cummings Plaintiffs for support, including *Herman*, *Lyle*, *LeCompte*, and *Gustafson*. *Id.* The court, however, was not persuaded:

> While this argument is very appealing, it appears to miss the mark of the public policy concern at issue: enforcement of agreements by the *employee* to either defend or indemnify the employer for labor violations committed against the employee. . . . Indeed, in the cases this court has found on indemnification and the FLSA, courts have consistently held that indemnification violates public policy where the employee or employee funds are the sources of indemnification. No reported case the undersigned can find would prohibit contractual third-party indemnification of FLSA claims.
>
> That is, however, not the case the court faces here. . . . To enter into an agreement to have VSA defend and indemnify Lowe's is no more offensive to public policy than to allow Lowe's to obtain insurance coverage for such risk. Further, an agreement to defend and indemnify is not an avoidance of liability for Lowe's inasmuch as it would remain obligated to the employees on any judgment they may obtain. It would be up to Lowe's to secure from VSA reimbursement. Thus, if VSA were insolvent, the employees would lose nothing.

*Id.* The court ultimately found the indemnification provision enforceable, and denied VSA's motion seeking to dismiss Lowe's breach of contract claim regarding indemnification. *Id.* at *1, *10–11.

Similarly, in *Itzep v. Target Corporation*, Target Corporation ("Target") sought indemnification from Jim's Maintenance & Sons, Inc. ("Jim's"), whom the plaintiffs alleged to be joint employers in their lawsuit for alleged violations of the FLSA. 2010 WL 2278349, at *1–2 (W.D. Tex. June 4, 2010). The service agreement between Target and Jim's contained an indemnification provision wherein Jim's promised to defend and indemnify Target from and against

any and all claims or losses arising out of the service agreement, or any claims made by Jim's employees arising out of the performance of services under the agreement. *Id.* at *5–6.

In analyzing whether the indemnification provision was valid and enforceable, the court considered, among other decisions, *Herman* and *LeCompte*, and found neither to be controlling. *Id.* at *23 ("Each of these cases deals with common-law indemnity, and not contractual indemnity."). The court acknowledged that *Gustafson* did involve contractual indemnity but found it unpersuasive, and noted that the *Varnell* court had similarly disagreed with the *Gustafson* decision when it concluded that contractual indemnification between co-employers does not violate the FLSA or public policy. *Id.* at *24. The court concluded:

> In this case, Plaintiffs alleged that Target was their joint employer, and Jim's asserts that Target was Plaintiffs' employer, but the Court has found that fact issues remain on this question. **Of course, if Target is not an FLSA employer, then there would be no public policy argument against permitting Target to recover indemnification from Jim's for Jim's conduct.**
>
> If Target is a joint employer, it is a more difficult question. The FLSA regulations provide that, under the FLSA, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers." 29 C.F.R. § 791.2. **The Court finds that the FLSA does not preempt a contractual agreement between joint employers concerning the allocation of risk and obligation under the FLSA.** Though both employers are liable under the FLSA to any aggrieved employee, the regulations themselves contemplate that the final allocation of wages paid may be determined between two joint employers. The Court does not find it repugnant to public policy for the employers to contractually allocate the liability. Accordingly, the Court finds that the FLSA does not preempt application of the indemnification agreement in this case.

*Id.* (emphasis added).  Here, CIS is not seeking indemnification from Plaintiffs, but rather, the Contractor Entities.  Further, Plaintiffs' Complaint does not include a single allegation that CIS is, or ever was, their employer, or that CIS has violated the FLSA.  Rather, Plaintiffs' Complaint repeatedly alleges that Chevron acted as their employer and that Chevron allegedly failed to pay them overtime. (Compl. ¶¶ 3, 18-27, 42).  Under *Itzep*, if CIS is not an FLSA employer of Plaintiffs, then there is no public policy argument against permitting CIS to recover indemnification from the

Contractor Entities. *Itzep*, 2010 WL 2278349 at *24. Moreover, even if CIS were alleged to be a joint employer of Plaintiffs, at least two courts have found that the FLSA does not preempt a contractual agreement between joint employers concerning the allocation of risk and obligations under the FLSA. *Id.*; *Varnell, Struck & Assocs., Inc.*, 2008 WL 1820830 at *1, *10–11. Therefore, Plaintiffs have failed to establish, by a clear showing, that they have a likelihood of succeeding on the merits with respect to the challenged indemnification provision.

### 4. Plaintiffs fail to establish, by a clear showing, any of the remaining elements necessary to obtain a preliminary injunction.

Not only have Plaintiffs failed to show a likelihood of success on the merits, Plaintiffs have also failed to show a likelihood that they will suffer irreparable harm in the absence of preliminary relief. CIS seeks indemnification solely from the Contractor Entities, **not** Plaintiffs. Moreover, although Plaintiffs attempt to show a likelihood of success on the merits with respect to the indemnification provision, Plaintiffs offer **zero** arguments or evidence to establish the remaining three elements necessary to justify the "extraordinary remedy" of a preliminary injunction: 1) the likelihood Plaintiffs will suffer irreparable harm in the absence of preliminary relief; 2) that the balance of equities tips in Plaintiff's favor; and 3) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Because Plaintiffs have failed to carry their burden of persuasion by a "clear showing" of the four required elements necessary to obtain a preliminary injunction, Plaintiffs' Motion with respect to the indemnification provision must be denied. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

### C. Plaintiffs Fail to Establish, By a Clear Showing, Likelihood of Success on the Merits with Respect to the Arbitration Proceedings.[2]

Plaintiffs argue in vain that the arbitration procedures initiated by CIS against Drilling Consultants, LLC and Cummings Consulting, LLC are unconscionable because they unfairly prejudice Plaintiffs as "employee plaintiffs." Plaintiffs, for instance, take issue with the

---

[2] CIS incorporates, by reference, its Motion to Dismiss, and its arguments set forth in Section B.1 of this Response, which are equally applicable with respect to the challenged arbitration proceedings.

12
MEMORANDUM OF POINTS AND AUTHORITIES
*Cummings et al. v. Cenergy International Services, LLC*

Agreements' requirement that arbitration must proceed under the American Arbitration Association Construction Industry Rules, which, according to Plaintiffs, "**are geared toward disputes between businesses**, and do not ensure protection for workers." (Pls.' Mtn. at 7) (emphasis added). Plaintiffs fail to realize that the underlying dispute **is** a dispute between businesses and is **not** between CIS and "employee-plaintiffs." Once again, CIS is seeking indemnification from the Contractor Entities and has initiated arbitration proceedings against Drilling Consultants, LLC and Cummings Consulting, LLC, and **not** against Plaintiffs. Moreover, Plaintiffs have never alleged CIS to be, or to ever have been, their employer.

Plaintiffs rely exclusively upon case law and arguments that specifically pertain to arbitration agreements between employers and employees. (*See* Pls.' Mtn. at 7–9). Plaintiffs fail to cite a single case showing that an arbitration agreement between two businesses, similar to the one contained in the Agreements, would be found by a court to be unenforceable. Therefore, because Plaintiffs own Complaint and Motion clearly establish that the Agreements were entered by and between CIS and the Contractor Entities, and not between CIS and Plaintiffs as CIS's employees, and because Plaintiffs have not put forth any evidence establishing, by a clear showing, a likelihood of success on the merits with respect to Plaintiffs' challenge of the arbitration provision, Plaintiffs' Motion should be denied.

### D. Plaintiffs Fail to Establish, By a Clear Showing, A Likelihood That Plaintiffs Will Suffer Irreparable Harm in the Absence of Preliminary Relief.

Plaintiffs fail to offer any evidence establishing a likelihood that they will suffer irreparable harm in the absence of preliminary relief with respect to CIS's arbitration proceeding against Drilling Consultants, LLC and Cummings Consulting, LLC. Plaintiffs' own Complaint and Motion establish that Plaintiffs are **not** parties to the arbitration proceedings in Houston, Texas and CIS is **not** seeking indemnification from Plaintiffs. Therefore, Plaintiffs have not shown, and cannot offer any evidence to prove, that **they** are likely to suffer irreparable harm in the absence of preliminary relief.

Even if Plaintiffs were parties to the arbitration proceedings, then presumably, the only "harm" that Plaintiff would suffer would be to have a judgment rendered against them, and be

ordered to indemnify CIS pursuant to the Agreements. Such economic harm, however, is not generally considered by courts to be "irreparable." *See Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." (citing *Sampson v. Murray,* 415 U.S. 61, 61–62 (1974)).

Moreover, Plaintiff's argument that "Defendant's actions may intimidate other workers from pursuing claims against Chevron for these wages" is similarly unavailing. CIS is enforcing its legitimate contractual rights against the Contractor Entities; it is **not**, as Plaintiffs allege, engaging in illegal, retaliatory conduct aimed at deterring potential plaintiffs from joining the *McQueen* Action. None of the case law cited by or relied upon by Plaintiffs support Plaintiffs' argument, and none of the authority cited by Plaintiffs involves an entity asserting its contractual right of indemnity in a lawsuit against a separate entity. Rather, every case cited by and relied upon by Plaintiffs involves plaintiffs seeking to enjoin clear actions of retaliation by an employer against employees who participated in a governmental investigation or a lawsuit against their own employer.[3]

Plaintiffs have failed to put forth any evidence or valid legal arguments showing that they will be irreparably harmed if CIS continues its arbitration proceedings against Drilling Consultants, LLC and Cummings Consulting, LLC. Plaintiffs are not parties to the arbitration proceedings, and Plaintiffs are not, and have never been, employees of CIS, nor have Plaintiffs alleged so. Plaintiffs' Motion should be denied.

---

[3] *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 936 (9th Cir. 1987) (enjoining employer from requiring striking employees to take polygraph tests as a condition of their continued employment or reinstatement); *Harris v. Acme Universal, Inc.*, 2014 WL 3907107, at *1 (D. Guam Aug. 11, 2014) (enjoining employer from retaliating, threatening and discriminating against employees whom the employer believed cooperated with or was cooperating with the Department of Labor's investigation of employer's compliance with the FLSA); *Perez v. Alkanan, Inc.*, 2013 WL 12129857, at *2 (C.D. Cal. Dec. 16, 2013) (enjoining employer from terminating or threatening to terminate, reporting or threatening to report to immigration authorities, inflicting or threatening to inflict bodily harm on, or retaliating or discriminating against their employees in any other way, based on their belief that such employee spoke with a Department of Labor official); rom terminating or threatening to terminate any employee, or retaliating or discriminating against any employee in any other way, based on their belief that such employee spoke with a U.S. Department of Labor, WHD investigator; *Perez v. Fatima/Zahra, Inc.*, 2014 WL 2154092, at *3–4 (N.D. Cal. May 22, 2014) (enjoining employer from telling anyone who works for them not to speak to representatives of the DOL or to provide false information to the DOL regarding the terms and conditions of their employment, or asking anyone who works for them to give them any documents or business cards provided by a representative of the DOL); *Carrillo v. Schneider Logistics, Inc.*, 2012 WL 556309, at *4 (C.D. Cal. Jan. 31, 2012) (enjoining employer from terminating employees who joined lawsuit against employer).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

### E. Plaintiffs Fail to Establish, By a Clear Showing, That the Balance of Equities Tips in Plaintiffs' Favor, or That an Injunction is in the Public Interest.

Enjoining CIS from proceeding with its arbitrations against Drilling Consultants, LLC and Cummings Consulting, LLC will not serve the public interest, and Plaintiffs have not offered any evidence to the contrary. CIS's arbitrations against Drilling Consultants, LLC and Cummings Consulting, LLC are centered upon a contractual dispute between two entities. It is not, as Plaintiffs allege, "aimed at delaying and avoiding FLSA compliance." Plaintiffs are pursuing their FLSA claims against Chevron in the *McQueen* Action. CIS is merely attempting to lawfully enforce its contractual rights against the Contractor Entities that provided Plaintiffs' services pursuant to the Agreements.

For these same reasons, Plaintiffs have failed to provide any evidence that the balance of equities tips in their favor. Plaintiffs are not parties to the arbitration proceedings, against Drilling Consultants, LLC and Cummings Consulting, LLC, and do not have a legitimate interest in their outcome. Plaintiffs have failed to provide any evidence to the contrary.

## IV. CONCLUSION

For all the foregoing reasons, CIS respectfully requests that the Court deny Plaintiffs' Motion for Preliminary Injunction.

Dated: May 18, 2017                    Respectfully submitted,

                                       LOCKE LORD LLP


                                       By: */s/ Nina Huerta*
                                           Nina Huerta
                                           Attorney for Defendant
                                           CENERGY INTERNATIONAL SERVICES, LLC

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

15
MEMORANDUM OF POINTS AND AUTHORITIES
*Cummings et al. v. Cenergy International Services, LLC*