Matthew C. Helland, CA SBN 250451
helland@nka.com
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiffs and Others
Similarly Situated

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Cummings, Christopher Jones, and Charles Beaty, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Cenergy International Services, LLC,<br><br>Defendant. | **Case No. 1:17-cv-00484-LJO**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Judge: Lawrence J. O'Neill<br>Date: Thursday, June 1, 2017<br>Time: 8:30 a.m.<br>Courtroom: 4<br><br>Complaint Filed: April 5, 2017 |

# **INTRODUCTION**

The central premise of this declaratory relief action is simple: Plaintiffs cannot be held responsible for defending their own lawsuit for unpaid wages, and they cannot be held responsible for paying their own unpaid wages. Cenergy's attempt to recoup unpaid wages and defense costs from Plaintiffs, presumably to pay them back to Chevron, is impermissible under the Fair Labor Standards Act ("FLSA"). Plaintiffs have standing to bring this action because they are employees entitled to the protections of the FLSA. This Court has jurisdiction to hear this action because Plaintiffs seek an order that Cenergy many not recoup Plaintiffs' wages from them or force Plaintiffs to reimburse it for Chevron's costs of defense.

The layers of contracts that stand between Plaintiffs and Chevron do not change the analysis. Because the FLSA prohibits an employer from recovering Plaintiffs' wages from them, it also prohibits a non-employer third party from doing so through a contrived, artificial structure. If the FLSA could be so simply evaded by adding layers of third-party intermediaries, it would lose all meaning and effect. Plaintiffs are entitled to an order that Cenergy may not force Plaintiffs to reimburse their own wages and that it may not force Plaintiffs to defend their own lawsuit.

In fact, Cenergy admits the key factual premises showing why this case should not be dismissed. Cenergy acknowledges that Plaintiffs are employees who have brought FLSA actions seeking unpaid overtime wages from Chevron.[1] Cenergy also acknowledges that it seeks indemnification for Chevron's costs of defending those lawsuits, and for any wages that are eventually awarded to Plaintiffs as a result of that action. And Cenergy does not dispute the general principle that the FLSA does not allow an employer to contract out of its legal obligations. But Cenergy nevertheless suggests that an employer may evade the FLSA's requirements by simply adding additional layers of contracts and intermediary companies. Plaintiffs are entitled to a declaration that Cenergy may not so easily strip them of their FLSA rights.

---

[1] *See McQueen, et al. v. Chevron*, N.D. Cal. Case No. 4:16-cv-02089-JSW; *Cummings v. Chevron*, JAMS Arbitration Ref. No. 1100086694.

**FACTUAL BACKGROUND**

Plaintiffs are three individuals who performed work for Chevron, the global oil company, at well sites and drill sites across the country. (Compl., ECF No. 1, ¶¶ 1, 7.) Chevron controlled Plaintiffs' work and directly supervised Plaintiffs, but classified them as independent contractors and did not pay overtime pay. (*See id.*, ¶¶ 18-22.) Chevron hired Plaintiffs, supervised Plaintiffs, set Plaintiffs' schedule, determined Plaintiffs' rate of pay, provided equipment for Plaintiffs' use in their work, imposed its policies and procedures on Plaintiffs, and dictated various terms and conditions of Plaintiffs' work. (*Id.* ¶ 22-23.) In an attempt to insulate itself from liability, Chevron contracted with Cenergy to provide workers such as Plaintiffs, and Cenergy then required Plaintiffs to form corporate entities through which Plaintiffs would be paid. (Compl., ECF No. 1, ¶¶ 3-4.)

Plaintiffs are now pursuing litigation against Chevron in other forums, seeking unpaid overtime wages. (*Id.* ¶ 2.) In response to Plaintiffs' suit against Chevron, Cenergy has sought indemnification for Chevron's costs of defense and for any damages Plaintiffs might recover. (*Id.* ¶ 35.) Cenergy seeks indemnification not only from Plaintiffs' corporate entities, but also from Plaintiffs themselves. (*Id.*) Plaintiffs filed this action seeking a declaration that Cenergy may not force Plaintiffs to defend their own FLSA lawsuit or indemnify Cenergy for their own wages.

**ARGUMENT**

Plaintiffs seek a declaration of their rights to unencumbered recovery of their unpaid wages under the FLSA. Cenergy misstates Plaintiffs' claims as claims for contract interpretation, but Plaintiffs' claims are for a declaration of their fundamental, statutory rights, which exist independent of contract. Cenergy's attempt to misconstrue Plaintiffs' claims must be rejected, and Cenergy's motion must be denied.

Because this case arises under the FLSA, this Court has subject matter jurisdiction and Plaintiffs have stated a claim for which relief can be granted. But in the event the Court determines that this case sounds in contract than under the FLSA, the Court should not dismiss the case because Plaintiffs have alleged facts sufficient to show they have standing as third party beneficiaries to Cenergy's contracts, and because this court would have diversity jurisdiction over

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

a contract action between Plaintiffs and Cenergy.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE CASE ARISES UNDER THE FLSA

This action seeks a declaration of Plaintiffs' rights under the FLSA. These rights exist independent of the contracts Plaintiffs (through their entities) signed with Cenergy. Therefore, this case is not, as Cenergy contends, a matter of contract interpretation. That is because the FLSA's prohibition on contractual avoidance of legal obligations controls over any provisions of state contract law. *See Emanuel v. Rolling in the Dough, Inc.*, 2010 WL 4627661, at *4 (N.D. Ill. Nov. 2, 2010) ("even if indemnity or contribution were cognizable under [state] common law principles of quasi-contract, such a claim would conflict with federal law.") Indeed, the very essence of Plaintiffs' claim is that the language of these contracts does not matter—the FLSA does not permit an employer or its staffing company to seek indemnification for unpaid wages from the very workers pursuing those wages. A contract action does not lie under these circumstances.

The United States Supreme Court has repeatedly "held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). At least four circuits have recognized that employers may not seek indemnification from employees for the obligation to pay wages required by the FLSA. *See Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (no right of indemnification under the FLSA, and "the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law" that might create indemnification claim); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407–08 (10th Cir. 1992) ("Indemnity actions against employees work against the purposes of the FLSA. . . . Compliance with the FLSA will not be furthered if employees must defend against indemnity actions."); *Lyle v. Food Lion, Inc.,* 954 F.2d 984, 987 (4th Cir.1992) ("In effect, [the employer] sought to indemnify itself . . . for its own violation of FLSA, which . . . is something the FLSA simply will not allow."); *LeCompte v. Chrysler Credit Corp.,* 780 F.2d 1260, 1264 (5th Cir. 1986) ("[A]n employer who believed that any violation of

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

the . . . provisions could be recovered from its employees would have a diminished incentive to comply with the statute.").

District courts have consistently applied these principles and rejected attempts by employers seeking indemnity from employees for FLSA violations. *Emanuel*, 2010 WL 4627661, at *4; *Quintana v. Explorer Enters., Inc.*, 2010 WL 2220310 (S.D. Fla. June 3, 2010); *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011, 1014–17 (N.D. Ill. 2009); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311 (S.D.N.Y. 2001); *Local 1035, Int'l Bhd. of Teamsters v. Pepsi Allied Bottlers, Inc.*, 99 F. Supp. 2d 219, 221–22 (D. Conn. 2000).

This body of law illustrates why Plaintiffs are entitled to a declaration that the FLSA prevents Cenergy from seeking indemnification, and why Cenergy's assertion that Plaintiffs' complaint does not implicate the FLSA is simply wrong. Plaintiffs' complaint contains 15 paragraphs and subparagraphs of allegations regarding their status as employees of Chevron. (*See* Compl., ECF No. 1, ¶¶ 18-23.) Plaintiffs further allege that the wages Cenergy seeks to recover are wages owed to them pursuant to the FLSA, and that the defense costs Cenergy seeks are the costs of defending Plaintiffs' own FLSA suits. (Compl., ECF No. 1, ¶ 32 and Exh. D.) Cenergy acknowledges as much throughout its motion. (ECF No. 7 at 5 of 12.) Thus Plaintiffs have adequately pled their status as employees under the FLSA, have adequately pled that they are entitled to unpaid wages, and have adequately pled that Cenergy is seeking to recoup Plaintiffs' wages from them.

Chevron's insertion of Cenergy as an intermediary contracting party does not change the analysis. As numerous courts have recognized, third party contracts do not disrupt the FLSA's prohibition against contractual circumvention. *See Gustafson*, 171 F. Supp. 2d at 328 ("Defendants' attempt to characterize their claim as a request for breach of contract damages rather than an action for indemnification under the FLSA is unpersuasive. Whether or not JAG breached a contractual obligation, defendants' attempt to recover damages from JAG for overtime violations is an attempt to receive indemnification for FLSA liability."); *Pepsi Allied*, 99 F. Supp. 2d at 221–22 (invalidating FLSA indemnification provision in collective bargaining agreement); *Cordova v. FedEx Ground Package Sys., Inc.*, 104 F. Supp. 3d 1119, 1136 (D. Or. 2015)

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

(interpreting Oregon State wage law and holding "Defendant cannot avoid its liability for unlawful deductions and associated penalties by relying on its contracts with Third–Party Defendants. Allowing Defendant to assert indemnification and indemnification-type claims against the Third–Party Defendants based on those contracts contravenes the law in O.R.S. 652.360 and the public policies it enforces.").

In *Gustafson*, the plaintiff limousine driver created his own corporation (called "JAG") for purposes of receiving payment from the defendant limousine company for his driving services. 171 F. Supp. 2d at 317. JAG paid the plaintiff via a W-2 with tax withholding. *Id.* When the plaintiff sued the limousine company under the FLSA for unpaid overtime, it pled a third-party indemnification claim against JAG in response. *Id.* at 316. Like Cenergy does here, the limousine company argued that its third party claims were simple breach of contract claims and did not arise under the FLSA. *Id.* at 238. The court rejected that argument: "Whether or not JAG breached a contractual obligation, defendants' attempt to recover damages from JAG for overtime violations is an attempt to receive indemnification for FLSA liability." *Id.* It mattered not that there were no FLSA claims pled between JAG and the defendant employer; the court recognized that the FLSA prohibited indemnification under those circumstances.

In *Pepsi Allied Bottlers*, plaintiff-employees and their union sued the defendant-employer for FLSA violations. 99 F. Supp. 2d at 220. The employer counterclaimed against the union for contractual indemnification purportedly provided by the collective bargaining agreement. *Id.* The court dismissed the counterclaims, reasoning: "a holding that the indemnification clause is enforceable would indeed mean that employers would have little reason to be concerned over whether labor agreements comply with the statutorily mandated and unwaivable overtime pay requirements of the FLSA, knowing full well that if they are later found to have violated such requirements, such employers would be totally compensated for any injuries resulting from such action." *Id.* at 221. The Court recognized the practical reality of holding the union responsible for unpaid wages: "[if held liable for indemnification], the union would utilize funds collected as dues from the plaintiffs themselves in order to satisfy the judgments, thereby making the individual employees, whom the statute was designed to protect, pay for the wrongful acts of another." *Id.*

-6-
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Thus, a third party contract cannot be used "to potentially immunize a defendant from liability for its own wrongful acts." *Id.*

The facts in *Cordova* were very similar to the facts here. The plaintiffs were delivery drivers who sued FedEx under state wage and hour law. *Cordova*, 104 F. Supp. 3d at 1123-24. FedEx brought third party claims against the plaintiffs' corporate entities, "seek[ing] indemnity from the Plaintiffs' LLC or corporation for the claims brought against Defendant by the Plaintiffs." *Id.* at 1128. The court held that "[a]llowing Defendant to assert indemnification and indemnification-type claims against the Third–Party Defendants based on those contracts contravenes [state wage and hour] law . . . and the public policies it enforces." *Id.* at 1136. The court recognized that the third-party claims "amount to an indemnification claim for the damages Defendant [FedEx] may owe to Plaintiffs [drivers]," *Id.* at 1134, even though the claims were brought against the plaintiffs' corporate entities, not the plaintiffs themselves. The court therefore dismissed the third-party claims.

The law is clear that Chevron cannot require Plaintiffs to indemnify Chevron for their own wages. *See Barrentine*, 450 U.S. at 740; *Herman*, 172 F.3d at 144; *Martin*, 977 F.2d at 1407–08; *Lyle,* 954 F.2d at 987; *LeCompte*, 780 F.2d at 1264. Cases such as *Gustafson*, *Pepsi Allied Bottlers*, and *Cordova* stand for the proposition that Chevron cannot accomplish that illegal result by contracting through third-party intermediaries. Thus, there is subject matter jurisdiction under the FLSA for Plaintiffs to obtain a declaration that Cenergy cannot force them to defend against their own lawsuit or repay the wages they recover, regardless of the number of contractual links in the chain between Plaintiffs and Chevron.

## II. PLAINTIFFS STATE A CLAIM UNDER THE FLSA

Plaintiffs state a claim for relief under the FLSA because they seek a declaratory judgment that they cannot be forced to defend against their own FLSA suit, and cannot be forced to repay any wages they recover under the FLSA. "The Declaratory Judgment Act allow[s] relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Thus, Plaintiffs seek a declaration *now* that any wages they recover from Cenergy are their own, and cannot be

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

taken from them by Cenergy under any circumstances. Likewise, Plaintiffs seek a declaration that the public policy behind the FLSA prohibits Cenergy from forcing Plaintiffs to pay the costs of defending their own FLSA case.

Plaintiffs bring this action under the first half of Section 216(b), which provides that "any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). While Plaintiffs seek unpaid wages in separate actions from Chevron, and not from Cenergy, Plaintiffs' decision not to plead Cenergy as an employer does not deprive this Court of jurisdiction. Rather, Plaintiffs seek a declaration under the FLSA that wages recovered from Chevron are theirs alone, and cannot be taken from them by Cenergy under any legal theory or circumstances. Similarly, Plaintiffs seek a declaration that the FLSA's one-way fee shifting provision prevents Cenergy from forcing Plaintiffs to pay the costs of defense of their own case. 29 U.S.C. § 216(b). Because Plaintiffs seek a declaration as to their rights under the FLSA, the Court has jurisdiction. *Skelly Oil*, 339 U.S. at 671–72.[2]

Cenergy argues that there is no federal question jurisdiction, even though the FLSA is a federal statute, because it claims Plaintiffs are merely defending against state law claims. In support of this proposition, Cenergy cites cases concerning removal jurisdiction, which are of limited value. Cenergy also ignores the United States Supreme Court's guidance that certain federal laws have a preemptive effect that converts state law claims into federal ones. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (the pre-emptive force of a statute may be so "'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'"). Here, it is clear that the FLSA has completely preempted any possible state law claim for indemnification, whether based on contract or otherwise. *Herman*, 172 F.3d at 144 ("the FLSA's remedial scheme is sufficiently

---

[2] Cenergy's argument that the FLSA does not provide for declaratory relief is a red herring; the Declaratory Relief Act was enacted to provide remedies that were not available by statute. *See Skelly Oil*, 339 U.S. at 671.

comprehensive as to preempt state law in this respect."); *Martin*, 977 F.2d at 1408 ("[t]he conflict between the purposes of federal law and a state cause of action require the latter to yield. . . . a third party complaint by an employer seeking indemnity from an employee is preempted."); *LeCompte*, 780 F.2d at 1264–65 ("[a]s enforcement of the Louisiana-law-based cause of action for indemnity would squarely conflict with the Act, the state law cannot be applied to this case."). Supreme Court precedent is clear: "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine*, 450 U.S. at 740. Because the FLSA has preempted state law claims for indemnification regarding wages, this Court has subject matter over Plaintiffs' claims, and the motion must be denied.

### III. PLAINTIFFS HAVE STANDING AS EMPLOYEES UNDER THE FLSA, OR IN THE ALTERNATIVE, AS THIRD PARTY BENEFICIARIES

Cenergy's "attempt to characterize [this] claim as a request for breach of contract damages rather than a [declaratory] action [regarding] indemnification under the FLSA is unpersuasive." *Gustafson*, 171 F. Supp. 2d at 328. The idea that FLSA indemnification is a matter of state law "is flawed because the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law in this respect." *Herman*, 172 F.3d at 144; *see also Martin*, 977 F.2d at 1408 ("[t]he conflict between the purposes of federal law and a state cause of action require the latter to yield. We therefore hold that a third party complaint by an employer seeking indemnity from an employee is preempted."); *LeCompte*, 780 F.2d at 1264–65 ("[a]s enforcement of the Louisiana-law-based cause of action for indemnity would squarely conflict with the Act, the state law cannot be applied to this case."). Because the FLSA completely preempts any state law cause of action for indemnity, Plaintiffs are not required to bring a state law cause of action for a declaration that federal law preempts state law. *Caterpillar*, 482 U.S. at 392. This action arises under the FLSA, not under contract.

Moreover, Plaintiffs do not merely seek a declaration regarding the contract between Cenergy and Plaintiffs' corporate entities. Rather, Plaintiffs seek a declaration that Cenergy may not force Plaintiffs to repay wages due to them under the FLSA (or defend their own FLSA action)

-9-
MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*under any legal theory*. In other words, Plaintiffs seek a declaration that the FLSA prevents Cenergy from demanding return of damages obtained through Plaintiffs' suit against Cenergy, and it prevents Cenergy from demanding that Plaintiffs pay the costs to defend their own lawsuit. Thus, this action does not arise under contract; it arises under the FLSA because Plaintiffs seek declaratory relief that Cenergy may not strip them of their FLSA rights. Plaintiffs have standing under the FLSA because they allege they are employees entitled to its protections. (*See* Compl., ECF No. 1, ¶¶ 18-27, 40-51.)

But even if the Court is to hold that this matter sounds in contract rather than under the FLSA, Cenergy's contention that Plaintiffs are not third-party beneficiaries to the contract ignores the well-pleaded allegations in the complaint. For example, Cenergy required that Plaintiffs sign its Master Services Agreement in order to perform work for Chevron. (Compl., ECF No. 1, ¶¶ 3, 28-29.) These contracts were presented to them as-is and were non-negotiable. (*Id.* ¶¶ 28-29.) Plaintiffs each personally signed the contracts at issue, and were the workers who were ultimately paid under the contracts. (*See* Compl. ECF No. 1, ¶ 28; Compl. Exhs. A-C, ECF Nos. 1-1 – 1-3.) Moreover, each contract expressly provides that it is "binding upon any . . . representatives of the parties hereto." (Compl. Exhs. A, C, ECF Nos. 1-1, 1-3 at ¶ 22; Compl. Ex. B, ECF No. 1-2, at ¶ 21.)

Based on the well-pleaded allegations of the complaint, Plaintiffs have plausibly stated a claim that they could be deemed third party beneficiaries of the contracts in dispute. "For a third party to qualify as a beneficiary of a contract, the contracting parties must have intended to benefit that third party and their intent must be evident in the terms of the contract." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1193 (2008). California courts have held that employee classes are third party beneficiaries of contracts between their employers and other entities. *See id.* (employee class was third party beneficiaries of contract to perform services); *Tippett v. Terich*, 37 Cal. App. 4th 1517, 1533 (1995) *abrogated on other grounds by Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 999 P.2d 706 (2000) (same); *Dep't of Indus. Relations, Div. of Labor Standards Enf't v. Fid. Roof Co.*, 60 Cal. App. 4th 411, 426 (1997) (same). Thus, to the extent the artificial structure of the contracts is honored (i.e., that Plaintiffs were employees of the contractor

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

entities), Plaintiffs have standing as third party beneficiaries of the contracts to challenge the contracts' provisions. This conclusion is bolstered by the fact that the contracts give Cenergy the purported right to pursue claims against the "representatives of the parties" to the contract – including the signatory Plaintiffs. As such, Plaintiffs have standing to seek declaratory relief that Cenergy may not seek indemnification against them individually—which Cenergy has threatened to do. (Compl., ECF No. 1, ¶ 35.)

Moreover, any subject matter jurisdiction issues would be erased if the Court determined that this action sounds in contract rather than under the FLSA. Plaintiffs Cummings and Beaty are residents of California, and Plaintiff Jones is a resident of Missouri. (Compl., ECF No. 1, ¶¶ 9-11.) Cenergy is a Delaware corporation with its principal place of business in Texas. (*Id.*, ¶ 12.) Because Cenergy seeks indemnification for costs of defense plus unpaid wages, the amount in controversy is greater than $75,000. Therefore, if the Court is persuaded that this action sounds in contract, it should grant Plaintiffs leave to amend their complaint to allege diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## **CONCLUSION**

For these reasons, the Court should deny Cenergy's motion to dismiss in full. However, if the court determines that Plaintiffs' complaint properly sounds in contract rather than under the FLSA, the Court should grant Plaintiffs leave to amend their complaint.

Dated: May 18, 2017          **NICHOLS KASTER, LLP**

By:   s/Matthew C. Helland
     Matthew C. Helland
Attorneys for Plaintiffs and Others Similarly Situated