1   Nina Huerta (SBN: 229070)
    nhuerta@lockelord.com
2   LOCKE LORD LLP
    300 South Grand Avenue, Suite 2600
3   Los Angeles, CA 90071
    Telephone: 213-485-1500
4   Fax: 213-485-1200

5

6   Attorney for Defendant
    CENERGY INTERNATIONAL SERVICES, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  DONNIE CUMMINGS, ET AL.,            )   CASE NO. 1:17-cv-00484-LJO-JLT
                                        )   Hon. Lawrence J. O'Neill
12             Plaintiffs,              )
                                        )
13      vs.                             )   **DEFENDANT CENERGY**
                                        )   **INTERNATIONAL SERVICES, LLC'S**
14  CENERGY INTERNATIONAL SERVICES, LLC,)   **REPLY IN SUPPORT OF ITS MOTION**
                                        )   **TO DISMISS COLLECTIVE ACTION**
15             Defendant.               )   **COMPLAINT FOR DECLARATORY**
                                        )   **JUDGMENT; MEMORANDUM OF**
16                                      )   **POINTS AND AUTHORITIES IN**
                                        )   **SUPPORT THEREOF**
17                                      )
                                        )   Date:       June 1, 2017
18                                      )   Time:       8:30 a.m.
                                        )   Courtroom:  4
19                                      )
                                        )   Complaint filed: April 5, 2017
20                                      )
                                        )
21                                      )
                                        )
22                                      )
                                        )
23  ────────────────────────────────────

24       On May 2, 2017, Defendant Cenergy International Services, LLC ("CIS") filed its Motion to

25  Dismiss Plaintiffs' Collective Action Complaint for Declaratory Judgment. CIS hereby submits it

26  Reply in Support of its Motion to Dismiss pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of

27  Civil Procedure.

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' Opposition to CIS's Motion to Dismiss fails to address or reconcile the various deficiencies in Plaintiffs' Complaint, such as Plaintiffs' lack of standing, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Plaintiffs effectively acknowledge they are not the proper plaintiffs in this action, and claim for the first time to be third-party beneficiaries of the Agreements at the center of this suit. But this argument fails because Plaintiffs do not, and cannot, cite to any language in the Agreements indicating that CIS and the Contractor Entities intended for Plaintiffs to benefit from the Agreements. Indeed, there is not a single provision in the Agreements where CIS and the Contractor Entities agree that employees of the Contractor Entities (*i.e.*, these Plaintiffs) be paid a certain way or that any specific benefit be provided to them. Rather, the Agreements merely reflect the contractual relationship between business entities—CIS and the Contractor Entities—and their various rights and obligations under the Agreements.

Not only do Plaintiffs fail to allege standing to seek declaratory relief regarding the enforceability of a contract to which they are neither parties nor third-party beneficiaries, Plaintiffs have failed to establish this Court's subject matter jurisdiction to grant any such relief. The United States Supreme Court has repeatedly held "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court." *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248 (1952). Here, Plaintiffs seek a declaration that would operate as a potential defense to CIS's threatened breach of contract action. Because the nature of CIS's threatened action arises from state law, Plaintiffs' assertions that a defense to such action would arise under the FLSA is insufficient to establish federal question jurisdiction.

Finally, Plaintiffs fail to state a claim because the statute invoked by Plaintiffs—the FLSA—governs wage disputes between employer and employee, and Plaintiffs fail to allege that CIS is, or ever was, their employer, or that Plaintiffs were employees of CIS, or that CIS's employment

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  policies or procedures violated the FLSA. Plaintiffs' Opposition makes no attempt to reconcile these

2  undisputed facts. Plaintiffs' Complaint should be dismissed for this reason alone.

## II.    ARGUMENT

### A.    Plaintiffs Lack Standing to Bring a Declaratory Judgment Action Against CIS Because Plaintiffs Are Neither Parties Nor Third Party Beneficiaries to the Agreements.

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing to pursue their claims. *Allen v. Wright,* 468 U.S. 737, 750 (1984). The party asserting subject matter jurisdiction bears the burden of proving its existence. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Because standing pertains to federal courts' subject matter, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Id.*

Plaintiffs' Opposition to CIS's Motion to Dismiss fails to overcome the deficiencies in Plaintiffs' pleading, as set forth in CIS's Motion to Dismiss. Indeed, Plaintiffs' Opposition does nothing to counter the undisputed fact that Plaintiffs are not parties to the Agreements, and thus, lack standing to seek a declaratory judgment regarding their enforceability. *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 5687344, at *5 (N.D. Cal. Nov. 4, 2014) ("The general rule in California is that one who is not a party to a contract may not sue to enforce its terms."); *Evans v. Sirius Computer Solutions, Inc.*, No. 3:12-CV-46-AA, 2012 WL 1557294, at *2 (D. Or. May 1, 2012) ("Generally, a party does not have standing to request declaratory judgment regarding the enforceability of a contract to which it is neither a party nor a third-party beneficiary.").

///

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

Left with no alternative, Plaintiffs argue for the first time in the Opposition that Plaintiffs are third-party beneficiaries of the Agreements and thereby having standing to seek declaratory relief relating to these Agreements. (Pls.' Oppo. at 10). Plaintiffs' argument and supporting authority, however, fall flat.

Under California law, "[a] third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him." *Campos v. Federal Home Loan Services Corp.*, No. 2:13-CV-494-MCE-EFB) 2014 WL 5308348, at *7 (E.D. Cal., Oct. 16, 2014) (quoting *Jones v. Aetna Casualty & Surety Co.,* 26 Cal. App. 4th 1717, 1724 (1994)). A person whose benefit is only incidental or remote is not an intended beneficiary and therefore cannot be a third party beneficiary. *Service Employees Inter. Union, Local 99 v. Options--A Child Care and Human Services Agency*, 200 Cal. App. 4th 869, 878 (2011); *Neverkovec v. Fredericks,* 74 Cal. App. 4th 337, 348 49 (1999) ("The circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement. The contracting parties must have intended to confer a benefit on the third party.").

According to Plaintiffs, "California courts have held that employee classes are third party beneficiaries of contracts between their employers and other entities." (Pls.' Oppo. at 10). Plaintiff cites three cases (*Amaral, Tippett* and *Fidelity Roof Co.*) to support this overbroad and conclusory statement, none of which have any application here. As explained further below, these cases involve public works contracts where the parties expressly agreed that workers providing services under the contract at issue would be paid a specific wage, *i.e.*, where the contracting parties incorporated terms for the express benefit of third-party employees, and the plaintiff employees sued their employers. No such facts exist in the case here.

In *Amaral v. Cintas Corp. No. 2*, Cintas entered into a contract to provide services to the City of Hayward (the "City"). 163 Cal. App. 4th 1157, 1171 (2008). The City adopted a Living Wage Ordinance ("LWO"), which applied to all service contracts entered with the City, requiring entities that contracted with the City to pay their employees $8.00 per hour if health benefits were provided, or $9.25 per hour if no health benefits were provided. *Id.* Two months before the ordinance went into

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1    effect, the City's purchasing manager sent Cintas a complete copy of the LWO, and in the facsimile

2    cover sheet for this transmission, the purchasing manager reminded Cintas that the City intended to

3    add language to the renewal purchase order indicating that the contract was subject to the

4    requirements of the LWO. *Id.* at 1172.

5         The City followed up with a form letter stating that the City's renewable purchase order with

6    Cintas was subject to the LWO and explaining the LWO's requirements. *Id.* The letter asked vendors

7    to indicate whether they would comply with the LWO, warning that a refusal to comply would result

8    in the vendor's contract or purchase order being cancelled. *Id.* A representative of Cintas checked a

9    box certifying that it would comply with the LWO and returned the signed letter to the City. *Id.*

10        The following year, the City sent a letter informing Cintas of the new hourly minimum wages

11   required under the LWO (based on cost of living adjustments). *Id.* Once again, a representative of

12   Cintas signed and returned the letter, certifying that Cintas would comply with the LWO. *Id.* In

13   addition, purchase orders from the City covering the period from July 1, 1999 through June 30, 2003

14   were stamped with the statement, "CINTAS agrees to comply with The City of Hayward Living

15   Wage Ordinance[.]" *Id.* Meanwhile, no one at Cintas contacted the City with questions about its

16   requirements or applicability. It was later discovered, however, that nobody at Cintas was aware of

17   the LWO's requirements, or Cintas's promise to comply with the LWO. *Id.* at 1173.

18        A class of Cintas employees eventually filed a lawsuit against Cintas for, among other things,

19   breaching its contract with the City by failing to comply with the LWO. *Id.* at 1173. Cintas argued

20   that the plaintiffs could not sue to enforce the contractual promise to comply with the LWO because

21   plaintiffs were not third party beneficiaries of the contracts with the City. *Id.* at 1193. The court

22   acknowledged that for a third party to qualify as a beneficiary of a contract, "**the contracting**

23   **parties must have intended to benefit that third party and their intent must be evident in the**

24   **terms of the contract.**" *Id.* (emphasis added). To aid in its analysis, the court looked to two

25   analogous cases (the other two cases cited by Plaintiffs for support: *Tippett* and *Fidelity Roof Co.*),

26   both of which similarly dealt with plaintiffs suing their employer for breaching a public works

27   contract wherein the employer explicitly promised to pay its employees the statutory "prevailing

28   wage rate" for work performed under the contract. *Id.* at 1193–94. The intent to benefit third-party

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

4

employees is clearly evidenced in each of the public works contracts, which expressly promised to pay employees pursuant to a statutory requirement:

> "If the contractor and the public agency agree in their contract that employees of contractors will be paid the prevailing wage, as is usually the case, a breach of contract action based on third party beneficiary principles is available to the employee. **We find it fairly self-evident that the prevailing wage law was enacted to benefit employees as a class by requiring the payment of prevailing wages on public works. Since employees working on the public works projects are the intended beneficiaries of this provision, they are third party beneficiaries of the contract between the public agency and the contractor.** We therefore find no obstacle to the employee's common-law suit against the contractor on a third party beneficiary theory."

*Id.* at 1194 (emphasis added) (quoting *Tippett v. Terich*, 37 Cal. App. 4th 1517, 1533 (1995)).

Because the court in *Cintas* faced a similar contract wherein the employer specifically agreed to pay its employees in accordance with the LWO, the court found the reasoning in *Tippett* and *Fidelity Roof* persuasive:

> "The same reasoning persuades us that plaintiffs are third party beneficiaries of the contract in which Cintas agreed to comply with the LWO. **Like the prevailing wage law, the LWO is clearly intended to benefit employees by requiring the payment of higher wages.** Because employees who work on City contracts are intended third party beneficiaries of the provision requiring compliance with the LWO, these employees may sue for their employer's breach of contract in failing to pay a living wage."

*Id.* (emphasis added).

In the instant case, the Agreements between CIS and the Contractor Entities did not intend by their terms to benefit Plaintiffs as third party beneficiaries. Indeed, Plaintiffs' Complaint fails to even plead, much less establish, that Plaintiffs were third party beneficiaries to the Agreements. Moreover, Plaintiffs do not, and cannot, cite to any language in the Agreements indicating that CIS and the Contractor entities intended for Plaintiffs to benefit from the Agreements. Unlike the public works agreements in *Amaral*, *Tippett* and *Fidelity Roof Co.*, there is not a single provision in the Agreements where CIS and the Contractor Entities agree that employees of the Contractor Entities (i.e., Plaintiffs) be paid a certain way or that any specific benefit be provided to them. Rather, the Agreements merely reflect the relationship between business entities—CIS and the Contractor Entities—and their various rights and obligations under the Agreements. That Plaintiffs signed the

Agreements as corporate representatives of the Contractor Entities is irrelevant for purposes of obtaining third party beneficiary status. *Kronemyer v. Motion Picture Bond Co., Inc.*, 102 Fed. App'x 536, 537–38 (9th Cir. 2004) ("That Kronemyer was incidentally mentioned in two of the contracts, and that the contracts, if carried out according to their terms, might inure to his benefit, is insufficient to entitle him to demand enforcement. . . . Nor is third-party beneficiary status conferred merely because Kronemyer signed two of the relevant agreements in his representative capacity to one of the contracting parties." (citing *Benasra v. Marciano*, 92 Cal. App. 4th 987, 112 (2001) ("[T]he acceptance of Guess's position would be tantamount to a conclusion that every officer who signs a contract in his representative capacity is a third-party beneficiary of that contract. That would be wrong."))).    Additionally, unlike in *Amaral*, *Tippett* and *Fidelity Roof Co.*, Plaintiffs are not suing their employers and seeking to enforce a contractual provision between their respective employers and the employers' customer.

Plaintiffs have fallen well short of their obligation to allege their standing to pursue declaratory relief relating to the Agreements. Plaintiffs are undisputedly not parties to the Agreements, and not third party beneficiaries. Accordingly, subject matter jurisdiction is lacking, they fail to state a claim, and CIS's Motion to Dismiss should be granted.

## B.    Plaintiffs' Complaint Fails to Establish This Court Has Subject Matter Jurisdiction Because Plaintiffs Fail to Establish an Independent Basis for Federal Question Jurisdiction.

Plaintiffs' argument that their declaratory judgment action "seeks a declaration of Plaintiffs' rights under the FLSA" is demonstrably incorrect. At most, Plaintiffs seek a declaration of the **Contractor Entities'** rights under the **Agreements**. CIS has demanded that the Contractor Entities abide by their contractual indemnification obligation contained within the Agreements. Plaintiffs are seeking to establish a **defense** against a state law cause of action which CIS would assert in a legal proceeding against the Contractor Entities (i.e., a claim for breach of contract). This is the exact scenario which the United States Supreme Court has re-visited on numerous occasions to affirm that when a declaratory judgment seeks to assert a defense to an impending or threatened state court

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  action, **it is the character of the threatened action, and not of the defense, which will determine**

2  **whether there is federal-question**:

> In this case, as in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the Utah courts. Respondent here has sought to ward off possible action of the petitioners by seeking a declaratory judgment to the effect that he will have a good defense when and if that cause of action is asserted. **Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.** If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. **Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.**

13  *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248 (1952) (emphasis

14  added); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.*

15  *California*, 463 U.S. 1, 16 (1983) ("[U]nder the well-pleaded complaint rule, an action by Phillips to

16  enforce its contract would not present a federal question. . . . *Skelly Oil* has come to stand for the

17  proposition that 'if, but for the availability of the declaratory judgment procedure, the federal claim

18  would arise only as a defense to a state created action, jurisdiction is lacking.'" (citations omitted)

19  (citing to *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1983))).

20      In the instant case, the character of the threatened action by CIS against the Contractor

21  Entities is breach of contract based on the Contractor Entities' refusal to abide by the

22  indemnification provision contained within the Agreements. In filing their declaratory judgment

23  action, Plaintiffs have sought to establish a defense to CIS's breach of contract claim. Because it is

24  the character of the threatened action (a claim for breach of contract), and not of the defense to the

25  threatened action, that determines whether there is federal question jurisdiction in this Court, and

26  because Plaintiffs' action for declaratory judgment "seeks in essence to assert a defense to an

27  impending or threatened state court action," Plaintiffs' Complaint fails to allege facts sufficient to

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

7

1    support their allegation that this Court has subject matter jurisdiction. Accordingly, subject matter

2    jurisdiction is lacking, and CIS's Motion to Dismiss should be granted.

### C.    Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the FLSA Does Not Provide a Remedy For the Relief They Seek.

5    Plaintiffs' Opposition makes no effort to rebut CIS's argument that Plaintiffs' Complaint

6    fails to state a claim upon which relief can be granted. It is undisputed that the FLSA does not

7    provide for the type of relief sought by Plaintiffs. In relevant part, 29 U.S.C. § 216(b) provides that:

> "Any **employer** who violates the provisions of section 206 [unpaid minimum wages] or section 207 [unpaid overtime] of this title shall be liable to the **employee or employees** affected **in the amount of their unpaid minimum wages, or their unpaid overtime compensation**, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any **employer** (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees** for and in behalf of himself or themselves and other employees similarly situated."

29 U.S.C. § 216(b) (emphasis added).

15   Plaintiffs vainly attempt to implicate the FLSA by citing to case law that involves an

16   employer's pursuit of **common law indemnity against its own employees** for the employer's

17   apparent violations of the FLSA.[1] They do not involve any claims like those alleged here, where

---

[1] *See, e.g., LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (employer's counterclaim for indemnity against plaintiffs "based on the theory that they, when acting in a supervisory capacity, had perpetrated the Fair Labor Standards Act violations for which [the employer] is now held liable"); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) ("Food Lion counterclaimed and filed a third-party complaint against Tew on the ground that he breached his contract with Food Lion and his fiduciary duty to the company as a meat market manager by himself violating and allowing Lyle, an employee under his supervision, to violate Food Lion's policy against off-the-clock work."); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407 (10th Cir. 1992) (agreeing that "[common law ]indemnity actions against supervisory personnel by employers who have been sued for FLSA violations are preempted by the Supremacy Clause"); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (affirming dismissal of corporation chairman's common law claims for contribution and indemnification against his co-owner and corporation's manager and vice president); *Villareal v. El Chile, Inc.*, 601 F.Supp.2d, 1011, 1013–15 (N.D. Ill. 2009) (dismissing employer's counterclaim seeking common law indemnification from plaintiffs who were supervisor employees); *Quintana v. Explorer Enters., Inc.*, 2010 WL 2220310 at *1 (S.D. Fla. June 3, 2010) (dismissing employer's counterclaim seeking common law indemnification from plaintiff who was a supervisor employee).

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

8

Plaintiffs do not plead, let alone prove, that an employment relationship existed and where one entity seeks **contractual** indemnity against **another entity**. Indeed, **even if** CIS were pursuing indemnification from Plaintiffs, and not the Contractor Entities, the FLSA **would still not be implicated** because the FLSA only applies to employees, and Plaintiffs were not employees of CIS. (Compl. ¶¶ 3, 18-27, 42); *Berndt v. City of Los Angeles*, 2012 WL 12920839, at *5 (C.D. Cal. May 31, 2012) ("29 U.S.C. § 216(b) authorizes employees to bring suit against an employer who violates Sections 206 and 207 of the Act, governing minimum wages and maximum hours worked, respectively."); *Buenaventura v. Champion Drywall, Inc.*, 803 F.Supp.2d 1215, 1217 (D. Nev. 2011) ("An FLSA claim may only be brought against an 'employer.'"); 29 U.S.C. § 216(b). Thus, even if CIS pursued indemnification directly from Plaintiffs instead of the Contractor Entities, such indemnification would not implicate, much less violate, the FLSA, and many courts agree.[2]

Plaintiffs' purported collective action under 29 U.S.C. § 216(b) **is not** brought by employees against an employer, as Plaintiffs have not alleged that CIS is, or has ever been, their employer. Further, Plaintiff's Complaint **does not** seek unpaid minimum wages or unpaid overtime compensation from CIS, or even allege that CIS has violated the FLSA in any way. Accordingly, because 29 U.S.C. § 216(b) does not provide for the type of relief sought by Plaintiffs—declaratory judgment regarding the enforceability of a contractual indemnity provision—Plaintiffs' Complaint

---

[2] *Bogosian v. All Am. Concessions*, 2011 WL 4460352 (E.D.N.Y. Sept. 26, 2011) (finding indemnity clause enforceable against subcontractor); *Jones v. Henry Indus., Inc.*, 2017 WL 513038 (E.D. Mo. Feb. 8, 2017) (denying motion to dismiss indemnification counterclaim against independent contractor because FLSA indemnification claim is only prohibited against employees); *Hose v. Henry Indus., Inc.*, 2017 WL 386545 (E.D. Mo. Jan. 27, 2017) (denying motion to dismiss indemnity claim where there was a factual dispute as to whether the plaintiff was an employee or an independent contractor); *Costello v. BeavEx Inc.*, 2013 WL 2156052 (N.D. Ill. May 17, 2013) (same); *Dobbins v. Scriptfleet, Inc.*, 2012 WL 2282560 (M.D. Fla. June 18, 2012) (denying plaintiff's motion to dismiss indemnification counterclaim because the FLSA does not apply to independent contractors; indemnification counterclaim was viable because the defendant did not seek indemnification for "an FLSA liability imposed upon it" but instead was based on a theory that the plaintiff was an independent contractor, and thus, that her FLSA claim would fail); *Spellman v. Am. Eagle Express, Inc.*, 680 F. Supp. 2d 188, 189–92 (D.D.C. 2010) (denying plaintiffs' motion to dismiss indemnification counterclaim because defendants argued that plaintiffs were independent contracts and therefore not protected by the FLSA, and the Court could not "say at this juncture that the counterclaim [was] preempted by, or contrary to the policy of, the FLSA").

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  fails to state a claim upon which relief can be granted, and CIS's Motion to Dismiss should be

2  granted.

3  **III.    CONCLUSION**

4        For all these reasons, and for the reasons stated in CIS's Motion to Dismiss, CIS respectfully

5  requests that Plaintiffs' Complaint be dismissed with prejudice and without leave to amend.

6

7  Dated: May 25, 2017                       Respectfully submitted,

8                                       LOCKE LORD LLP

9

10                                       By: /s/ Nina Huerta

11                                          Nina Huerta

12                                     Attorney for Defendant
                                   CENERGY INTERNATIONAL SERVICES, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

REPLY IN SUPPORT OF MOTION TO DISMISS
*Cummings et al. v. Cenergy International Services, LLC*

**PROOF OF SERVICE**

**Case No.:** 1:17-CV-00484 LJO-JLT

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, Suite 2600, Los Angeles, California 90071.

On May 25, 2017, I electronically filed the document(s) described as:

1)      DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COLLECTIVE ACTION COMPLAINT FOR DECLARATORY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;

on the interested parties in this action, at the addresses listed below, as follows:

(X)      Via NEF. The document(s) will be served by the court via the CM/ECF system, which electronically served all interested parties in this action.

(X)      Federal. I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on May 25, 2017 at Los Angeles, California.

Kristina M. Koch

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

<u>Service List</u>

**Attorneys for Plaintiffs:**

Matthew C. Helland, Esq.
Daniel S. Brome, Esq.
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Tel:    (415) 277-7235
Fax:    (415) 277-7238
Email:  dbrome@nka.com
              helland@nka.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

2