Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone:  213-485-1500
Fax:  213-485-1200

Attorney for Defendant
CENERGY INTERNATIONAL SERVICES, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE CUMMINGS, ET AL.,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CENERGY INTERNATIONAL SERVICES, LLC,<br><br>　　　　　　　Defendant. | CASE NO.  1:17-cv-00484-LJO-JLT<br>Hon. Lawrence J. O'Neill<br><br>**DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　　August 17, 2017<br>Time:　　　8:30 a.m.<br>Courtroom:　4<br><br>[Proposed] Order Filed Concurrently Herewith<br><br>Complaint filed:  April 5, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

　　　　PLEASE TAKE NOTICE that on August 17, 2017 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Lawrence J. O'Neill in Courtroom 4 of the above-entitled court located at 2500 Tulare Street, 7th Floor, Fresno, CA 93721, Defendant Cenergy International Services, LLC ("CIS") will, and hereby does, move this Court, pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6), for an order dismissing Plaintiffs Donnie Cummings and Charles Beaty's ("Plaintiffs") First Amended Complaint for Declaratory Judgment and Injunctive Relief ("First Amended Complaint" or "FAC") on the grounds that (1) Plaintiffs lack standing to bring a declaratory judgment claim against CIS and (2) Plaintiffs fail to allege facts sufficient to support jurisdiction or state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities thereof, all pleadings and papers on file herein, and on such evidence or oral argument as may be presented at or before the hearing of this matter.

Dated: July 13, 2017

Respectfully submitted,

LOCKE LORD LLP

By: */s/ Nina Huerta*
    Nina Huerta
Attorney for Defendant
CENERGY INTERNATIONAL SERVICES, LLC

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT ALLEGATIONS.............................................................................................2

III. ARGUMENT.........................................................................................................................3

    A. Plaintiffs Lack Standing to Bring a Claim for Declaratory Relief Against CIS Because Plaintiffs Are Neither Parties to, Nor Third Party Beneficiaries of, the Agreements. ...............................................................................................................4

        1. Plaintiffs Fail to Allege Standing in Their Personal Capacities. .......................5

        2. Plaintiffs Fail to Allege Standing as Third Party Beneficiaries.........................7

    B. Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Is Not Ripe Because Plaintiffs Admit The Factual Prerequisite to Any Actual Controversy—Whether They Are Employees of Chevron—Will Not Be Decided in This Court. ..................................................................................8

IV. CONCLUSION....................................................................................................................10

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. Wright*,
    468 U.S. 737 (1984) ................................................................................................................3

*Aluminium v. Hunter Engineering Co, Inc.*,
    655 F.2d 938 (1981) ................................................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) .....................................................................................4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) .....................................................................................4

*Calderon v. Ashmus*,
    523 U.S. 740 (1998) ...........................................................................................................9, 10

*Campos v. Federal Homes Loan Services Corp.*,
    No. 2:13-CV-494-MCE-EFB, 2014 WL 5308348 (E.D. Cal., Oct. 16, 2014) .......................7

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010) .................................................................................................4

*EEOC v. Goodyear Aerospace Corp.*,
    813 F.2d 1539 (9th Cir. 1987) .................................................................................................4

*Evans v. Sirius Computer Solutions, Inc.*,
    No. 3:12-CV-46-AA, 2012 WL 1557294 (D. Or. May 1, 2012) ............................................4

*Grondal v. U.S.*,
    682 F. Supp. 2d 1203 (E.D. Wash. 2010) ...............................................................................5

*Johnson v. Riverside Healthcare Sys., LP*,
    534 F.3d 1116 (9th Cir. 2008) .................................................................................................4

*Kokkonen v. Guardian Life Ins. Co.*,
    511 U.S. 375 (1994) ................................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ................................................................................................................9

*Newcal Indus., Inc. v. Ikon Office Sols., Inc.*,
    No. C04-2776 FMS, 2004 WL 3017002 (N.D. Cal. Dec. 23, 2004) ......................................4

*Newcal Industries, Inc. v. Ikon Office Solution*,
    513 F.3d 1038 (2008) ..............................................................................................................6

*NovelPoster v. Javitch Canfield Grp.*,
   No. 13-CV-05186-WHO, 2014 WL 5687344 (N.D. Cal. Nov. 4, 2014) ........................................5

*Owen Equip. & Erection Co. v. Kroger*,
   437 U.S. 365 (1978) ..................................................................................................................3

*Pulver v. Battelle Mem'l Inst.*,
   536 F. App'x 730 (9th Cir. 2013) ..............................................................................................5

*Sherman v. British Leyland Motors, Ltd.*,
   601 F.2d 429 (9th Cir. 1979) .....................................................................................................5

*California ex rel. Younger v. Andrus*,
   608 F.2d 1247 (9th Cir. 1979) ...................................................................................................3

**State Cases**

*Neverkovec v. Frederciks*,
   74 Cal. App. 4th 337 (1999) ......................................................................................................7

*Service Employees Inter. Union. Local 99 v. Options—A Child Care and Human
   Services Agency*,
   200 Cal. App. 4th 869 (2011) ....................................................................................................7

**Statutes**

28 U.S.C. § 2201 ..................................................................................................................1, 2, 9, 10

Fair Labor Standards Act .........................................................................................................1, 2, 9

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ..........................................................................................4

Federal Rule of Civil Procedure 12(b)(1) .....................................................................................3, 4

Federal Rule of Civil Procedure 12(b)(6) .........................................................................................4

Federal Rule of Civil Procedure 19 ................................................................................................10

2
TABLE OF AUTHORITIES
*Cummings et al. v. Cenergy International Services, LLC*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Cenergy International Services, LLC ("CIS") hereby submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the First Amended Complaint for Declaratory Judgment and Injunctive Relief ("First Amended Complaint" or "FAC") filed by Plaintiffs Donnie Cummings and Charles Beaty ("Plaintiffs").

## I. INTRODUCTION

On April 5, 2017, Plaintiffs filed this action seeking declaratory relief concerning certain Master Service Agreements entered into between CIS and Plaintiffs' respective employers (the "Agreements"). More specifically, Plaintiffs seek a declaration that the indemnification provision and arbitration provision contained in the Agreements are unenforceable. (FAC ¶ 56.)

CIS moved to dismiss Plaintiffs' original Complaint on the grounds that, among other defects, Plaintiffs lacked standing to bring the lawsuit and that Plaintiffs could not state a claim for declaratory relief. This Court granted the motion to dismiss, and gave Plaintiffs leave to amend to correct the defects. However, Plaintiffs' First Amended Complaint still suffers from two fatal defects.

As a threshold matter, Plaintiffs' allegations make clear they lack standing to bring this action for declaratory judgment. A stranger to a contract—like Plaintiffs are here—lacks standing to seek a declaration of rights concerning a contract to which he is not a party. Plaintiffs are not parties to the Agreements that are the subject of this action. Rather, the Agreements were entered into between CIS and Plaintiffs' respective employers: Cummings Consulting LLC and Drilling Consultants, Inc. This fact is not in dispute and is clearly determinable on the face of the complaint. In addition, Plaintiffs have not alleged any new or different facts that could support a finding that they are third party beneficiaries of the Agreements.

Second, Plaintiffs' First Amended Complaint fails to allege facts sufficient to support jurisdiction or to state a claim under the Declaratory Judgment Act because there is no actual controversy that could be fully adjudicated in this Court. Plaintiffs concede that they could only be entitled to a relief if there is a threshold finding that Chevron Corporation ("Chevron") was their employer and violated the FLSA by allegedly not paying overtime wages. However, Plaintiffs also

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

admit that this threshold issue will not be decided in this Court. Indeed, Plaintiffs have joined a separate lawsuit against Chevron seeking unpaid overtime wages. (FAC ¶ 2; *McQueen et al. v. Chevron*, N.D. Cal. Case No. 4:16-cv-02089-JSW) (the "*McQueen* Action"). Because their entire claim is predicated on a counterfactual allegation that they admit is not appropriate for litigation in this Court, there is no actual controversy that is sufficiently immediate and real to invoke jurisdiction or state a claim under the Declaratory Judgment Act.

For these reasons, and as discussed more fully below, CIS respectfully requests that the Court grant the instant motion and dismiss Plaintiffs' entire First Amended Complaint with prejudice.

## II.   RELEVANT ALLEGATIONS

On or around January 14, 2014, CIS engaged Cummings Consulting LLC as an independent contractor to provide certain professional services from time to time pursuant to certain master service agreements between CIS and its customers. (FAC Ex. B) (the "Cummings Consulting Agreement"). CIS entered into a similar agreement with Drilling Consultants, Inc. (the "Drilling Consultants Agreement") on or around April 28, 2014. (FAC Ex. C.) Cummings Consulting LLC and Drilling Consultants, Inc. will be collectively referred to as the "Contractor Entities."

Pursuant to CIS's master service agreement with Chevron, Chevron paid CIS for identifying and furnishing the Contractor Entities to Chevron, and CIS paid the Contractor Entities for furnishing services and personnel to Chevron. (FAC ¶¶ 8–9.) CIS further agreed to defend and indemnify Chevron for any costs, expenses, and other damages arising from any claim or loss as a result of or arising under its agreement with Chevron to identify, engage, and furnish certain services to Chevron. On April 20, 2016, an FLSA collective action was filed against Chevron by individuals asserting various wage and hour claims under the FLSA and the California Labor Code. (*See McQueen* Action, Dkt. Entry No. 1; FAC ¶ 2.) In *McQueen*, Plaintiffs and other joined parties assert as a predicate to their alleged overtime claims that they were and are employees of Chevron. (*Id.*)

CIS sent letters to the Contractor Entities after learning that certain of the Contractor Entities' employees had joined the *McQueen* Action. CIS requested that, pursuant to the Agreements, the Contractor Entities reimburse CIS for any and all costs that CIS incurred or owed to Chevron as a result of the *McQueen* Action, and pursuant to CIS's agreement with Chevron.

Plaintiffs, not the Contractor Entities, then initiated this lawsuit, seeking a declaratory judgment regarding the enforceability of the indemnification provision agreed to by and between the Contractor Entities and CIS. As Plaintiffs' original and First Amended Complaint make clear and as the Court recognized in its Order on CIS's first Motion to Dismiss, Plaintiffs are not parties to the Agreements they seek to have declared partially void. (Memorandum Decision and Order, June 15, 2017, Dkt. No. 15 ("Order") at p. 13; FAC ¶ 4; *see also* FAC Exs. B–C.) Instead, Plaintiffs assert in the First Amended Complaint—as they argued in their Opposition to the Motion to Dismiss—that Plaintiffs are third party beneficiaries of the Agreements because CIS and Plaintiffs "understood" that Plaintiffs would perform work for payment under the Agreements. (FAC ¶ 50.) But the Agreements attached to the First Amended Complaint do not in any way restrict the Contractor Entities to only using Plaintiffs to perform the work, nor were the Contractor Entities required to supply Plaintiffs personally to perform this work. (FAC Ex. B ¶ 2, FAC Ex. C ¶ 2.) These facts remain insufficient to support Plaintiffs' standing under any theory.[1]

For the reasons set forth below, Plaintiffs' lawsuit should be dismissed in its entirety with prejudice.

## III.   ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) allows for claims to be dismissed based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing to pursue their claims. *Allen v. Wright,* 468 U.S. 737, 750 (1984).

---

[1] Plaintiffs' First Amended Complaint also alleges that CIS and Cummings, as an individual, had a prior agreement. (See FAC ¶ 50, Ex. A.) This does not support any finding that Cummings is a third party beneficiary of the Cummings Consulting Agreement; indeed, the fact that the prior agreement with Cummings as an individual had terminated and was replaced with the Cummings Consulting Agreement is an indication that the parties *did not* intend for Cummings to be a beneficiary in his individual capacity.

The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Because standing pertains to federal courts' subject matter jurisdiction, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Id.*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal citation omitted).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Further, where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Here, the Court should dismiss the First Amended Complaint with prejudice because Plaintiffs lack standing to bring a declaratory judgment against CIS and Plaintiffs fail to allege facts sufficient to support jurisdiction or state a claim upon which relief can be granted.

**A.     Plaintiffs Lack Standing to Bring a Claim for Declaratory Relief Against CIS Because Plaintiffs Are Neither Parties to, Nor Third Party Beneficiaries of, the Agreements.**

Pursuant to long-standing Ninth Circuit and California law, "[g]enerally, a party does not have standing to request declaratory judgment regarding the enforceability of a contract to which it is neither a party nor a third-party beneficiary." *See Evans v. Sirius Computer Solutions, Inc.*, No. 3:12-CV-46-AA,  2012 WL 1557294, at *2 (D. Or. May 1, 2012) (citing *Tri–State Generation & Transmission Ass'n, Inc. v. BNSF Ry. Co.,* 2008 WL 2465407 at *2 (D. Ariz. June 17, 2008)); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 n.2 (9th Cir. 1987); *Newcal Indus., Inc. v. Ikon Office Sols., Inc.*, No. C04-2776 FMS, 2004 WL 3017002, at *8 (N.D. Cal. Dec. 23, 2004) (holding

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

that the plaintiff lacked standing to seek a declaratory judgment regarding rights and obligations under a contract to which it was not a party, and recognizing that Ninth Circuit courts facing the same issue have held similarly); *Grondal v. U.S.*, 682 F. Supp. 2d 1203, 1220 (E.D. Wash. 2010).

Moreover, "[t]he general rule in California is that one who is not a party to a contract may not sue to enforce its terms." *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186-WHO, 2014 WL 5687344, at *5 (N.D. Cal. Nov. 4, 2014) (citing *Gantman v. United Pac. Ins. Co.,* 232 Cal. App. 3d 1560, 1566 (1991) ("Someone who is not party to a contract has no standing to enforce the contract.")). This holds true for corporate employees and officers who attempt to sue on behalf of a corporation. *Pulver v. Battelle Mem'l Inst.*, 536 F. App'x 730 (9th Cir. 2013) ("The district court properly dismissed the action because Pulver was not a party to the contract in his individual capacity and lacked standing to maintain the corporate plaintiff's breach of contract claim in his individual capacity following the dismissal of the corporate plaintiff."); *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 439–40 & n. 13 (9th Cir. 1979) (president and sole stockholder of corporation lacked standing in his individual capacity to assert contract claims on behalf of corporation).

As set forth below, Plaintiffs fail to allege facts sufficient to establish standing to pursue this action because (1) they have not alleged any injury in their personal capacities and (2) they have not alleged any facts that could support a finding that they are third party beneficiaries to the Agreements.

### 1. Plaintiffs Fail to Allege Standing in Their Personal Capacities.

On the prior Motion to Dismiss, this Court found that "Plaintiffs [] have not established how they would be injured in their individual capacities." (Order at p. 12.)  Nothing in Plaintiffs' First Amended Complaint changes the analysis or the outcome on this point.

As explained above, Plaintiffs must allege injury to themselves in order to have standing. This requires, among other requirements, that Plaintiffs have an "'injury in fact' – a harm suffered by the [P]laintiff[s] that is concrete and particularized, actual and imminent, [and] not hypothetical . . . ." (Order at p. 11 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 550, 560–61

1  (1992).)  Plaintiffs fail to allege standing in their individual capacities because they are not parties to
2  the Agreements they seek to challenge.

3  Like the original Complaint, the First Amended Complaint is focused entirely on the
4  enforceability of provisions contained within the Agreements entered by and between CIS and the
5  Contractor Entities.  (FAC ¶ 7.)  Just as the Court found before, Plaintiffs' allegations preclude them
6  from asserting standing to bring the instant lawsuit because Plaintiffs are not parties to the
7  Agreements containing the indemnification and arbitration provisions at issue.  Plaintiffs' own
8  pleading establishes that the Contractor Entities, and not Plaintiffs in their individual capacities, are
9  the only parties to the Agreements.  (FAC ¶ 4, Exs. B, C.)  Indeed, CIS's demand letters were sent to
10 the Contractor Entities, not Plaintiffs, and requested that the Contractor Entities, not Plaintiffs,
11 indemnify CIS for any and all costs that it incurs or owes as a result of Plaintiffs' lawsuit against
12 Chevron in accordance with these Agreements. (FAC ¶ 5, Ex. D.)

13 Hoping to circumvent the preclusive effect of their prior allegations, Plaintiffs now claim
14 they were individually threatened with an indemnification claim by CIS.  (FAC ¶ 6.)  In certain
15 circumstances, an actual threat of litigation may confer standing to bring a declaratory relief claim.
16 *See, e.g.*, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1056 (2008) (plaintiff had
17 standing to bring declaratory relief action where defendant threatened to sue plaintiff for interfering
18 with existing and potential business relationships).  Here, however, there has not been any actual
19 threat of litigation against Plaintiffs individually, as Plaintiffs' own attachments to the First
20 Amended Complaint demonstrate.  At most, the letters cited by Plaintiffs contain typical legalese
21 indicating that Cenergy's pursuit of claims does not operate as a waiver: "Cenergy, of course,
22 reserves the right to pursue claims against [Plaintiffs] (in this arbitration, or in another forum, if
23 necessary) if and when facts present themselves that would necessitate such action being taken."
24 (FAC Exs. E, F.)  In fact, the letters make abundantly clear that CIS was *not* threatening any such
25 claim:  CIS "**has not**, as you claim, 'made it very clear that it will seek to collect from [Plaintiffs]
26 individually.'"  (FAC Exs. E, F (emphasis added).)  There is no standing when a court is "asked to
27 render an advisory opinion on a set of hypothetical facts".  *See Societe de Conditionnement en*
28 *Aluminium v. Hunter Engineering Co, Inc.*, 655 F.2d 938, 944 (1981) (citing *Sweetheart Plastics,*

*Inc. v. Illinois Tool Works, Inc.*, 439 F.2d 871, 874–75 (1st Cir. 1971) for the proposition that a plaintiff lacked standing to bring a declaratory relief claim to determine whether its proposed product would infringe upon a valid patent).

Thus, Plaintiffs have failed to state any individual injury that could give rise to standing.

### 2. Plaintiffs Fail to Allege Standing as Third Party Beneficiaries.

Plaintiffs also contend, as they did unsuccessfully before, that they are third party beneficiaries to the Agreements. Plaintiffs, however, have failed to allege any facts that could establish that Plaintiffs were intended third party beneficiaries of the Agreements.

Under California law, a "third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to performance is predicated on the contracting parties' intent to benefit him." *Campos v. Federal Homes Loan Services Corp.*, No. 2:13-CV-494-MCE-EFB, 2014 WL 5308348, at *7 (E.D. Cal., Oct. 16, 2014) (quoting *Jones v. Aetna Casualty & Surety Co.*, 26 Cal. App. 4th 1717, 1724 (1994)). A person whose benefit is only incidental or remote is not an intended beneficiary and therefore cannot be a third party beneficiary. *Service Employees Inter. Union. Local 99 v. Options—A Child Care and Human Services Agency*, 200 Cal. App. 4th 869, 878 (2011); *Neverkovec v. Frederciks*, 74 Cal. App. 4th 337, 348–49 (1999) ("The circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement. The contracting parties must have intended to confer a benefit on the third party."). As this Court explained in the Order, the intent of the parties "is gleaned from reading the contract as a whole in light of the circumstances under which it was entered." (Order at p. 13 (citing *Walters v. Marler*, 83 Cal. App. 3d 1, 33 (1978).)

As with their original Complaint, "[t]here are simply insufficient facts alleged to show that the [Agreements] were intended to benefit Plaintiffs to consider them third-party beneficiaries." (Order at p. 13.) As Plaintiffs previously argued, Plaintiffs allege in the First Amended Complaint that CIS and Plaintiffs "understood" that Plaintiffs would perform work for payment under the Agreement. (FAC ¶¶ 37, 50.) But the Agreements attached to the First Amended Complaint do not in any way restrict the Contractor Entities to using only Plaintiffs to perform the work, nor were the

Contractor Entities required to supply Plaintiffs personally to perform this work.  (FAC Ex. B ¶ 2, FAC Ex. C ¶ 2.)  As the Court recognized in its Order on CIS' Motion to Dismiss the original Complaint, the fact that Plaintiffs were "the workers ultimately paid under the contracts, [] alone does not show they were more than incidental beneficiaries" of the Agreements.  (Order at p. 13.)  Plaintiffs have also included an allegation that they "were required to participate in specific training to work for Chevron . . . ."  (FAC ¶ 50.)  The Agreements, however, do not specify any training requirements for Plaintiffs individually.  Rather, the Agreements specifically contemplate that there may be multiple employees providing services pursuant to the Agreements and that any such employees should be properly trained:

> "Contractor hereby certifies that its employee(s) are properly trained and qualified and that its employee(s) hold all required training, licensure or other certifications and has the necessary work experience required for the performance of services in their profession, trade or occupation."

(FAC Ex. B ¶ 5, Ex. C ¶ 5.)  Moreover, training is simply part and parcel of the fact that Plaintiffs were performing work on behalf of the Contractor Entities pursuant to the Agreements, a  fact that this Court already rejected as sufficient to find Plaintiffs were third party beneficiaries.  (Order at p. 13.)  In sum, Plaintiffs fail to allege any facts to establish they are third party beneficiaries of the Agreements.

Plaintiffs have again failed to establish standing, either directly or as alleged third party beneficiaries of the Agreements.   Accordingly, subject matter jurisdiction is lacking, and Plaintiffs' First Amended Complaint should be dismissed with prejudice.

**B.  Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted and Is Not Ripe Because Plaintiffs Admit The Factual Prerequisite to Any Actual Controversy—Whether They Are Employees of Chevron—Will Not Be Decided in This Court.**

Plaintiffs have not pled a cause of action for declaratory relief because the prerequisite to a finding of any actual controversy—that is, a determination that Plaintiffs were in fact employees of Chevron rather than independent contractors—has not been put at issue in this case.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party . . . ." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" is coterminous with Article III's "Cases" and "Controversies" that are justiciable. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). In addressing where the line "between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not," the Supreme Court has offered the following test: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, ***of sufficient immediacy and reality*** to warrant the issuance of declaratory judgment." *Id.* (emphasis added). The Supreme Court has also found that there is no justiciable question as to rights or liabilities that do not yet exist, but *may* exist in the future: "[T]here was no justiciable question 'unless and until [the patent owner] seeks recovery of the royalties, and then only if [the licensee] relies on the Act as a defense.'" *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (quoting *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945)).

The problem for Plaintiffs is that they have not alleged a controversy that is of sufficient immediacy and reality to support their claim. Plaintiffs' entire theory is predicated on the assertion that they were employees of Chevron—rather than employees of the Contractor Entities that were in turn independent contractors of Chevron. (FAC ¶¶ 12, 21, 52; *see also* Order at p. 16 ("Plaintiffs contend that if Chevron is deemed Plaintiffs' employer under the FLSA . . . then Chevron's claim for indemnity against Cenergy if prohibited, which extinguished or invalidates Cenergy's indemnity claim against the [Contractor Entities] . . . ."). The controversy that Plaintiffs allege could only become sufficiently immediate and real *if* there was a finding that Chevron was, in fact, Plaintiffs' employer. *See Calderon*, 523 U.S. at 747 ("[T]here was no justiciable question 'unless and until [the patent owner] seeks recovery of the royalties, and then only if [the licensee] relies on the Act as a defense.'") However, Plaintiffs' First Amended Complaint specifically asks this Court *not* to adjudicate this threshold issue because it is being adjudicated in another forum: "[T]his Court will not be tasked with determining whether Chevron is an employer under the FLSA . . . ." (FAC ¶ 16; *see also id.* ("To the extent Chevron's status as an employer bears on the merits of this action, the

result in *McQueen* and the *Cummings* arbitration will be dispositive here.").)[2]  In other words, Plaintiffs admit that there is no immediate or real case or controversy yet, as the threshold question is not even at issue in this case.  The practical effect is that Plaintiffs are not asking this Court to make any determination of the respective rights of the parties "unless and until" some further determination in the *McQueen* and *Cummings* arbitrations goes their way.  *See Calderon*, 523 U.S. at 747.  Accordingly, Plaintiffs' claims are not yet ripe and Plaintiffs have failed to state any actual controversy that is of sufficient immediacy and reality to state a claim under the Declaratory Judgment Act or to confer jurisdiction on this Court.

## IV.  CONCLUSION

Plaintiffs' attempt to bring this lawsuit for declaratory relief fails because (1) Plaintiffs lack standing to bring a declaratory judgment claim against CIS and (2) Plaintiffs fail to allege facts sufficient to support jurisdiction or state a claim upon which relief can be granted.

For all these reasons, CIS respectfully requests that Plaintiffs' First Amended Complaint be dismissed with prejudice and without leave to amend.

Dated:  July 13, 2017                             Respectfully submitted,

                                                  LOCKE LORD LLP


                                                  By:    */s/ Nina Huerta*
                                                         Nina Huerta
                                                         Attorney for Defendant
                                                         CENERGY INTERNATIONAL SERVICES, LLC

---

[2] CIS further notes that if Plaintiffs *did* seek to litigate the issue of Chevron's alleged status as employer in this Court, then they would face additional issues.  First, they would need to join Chevron as a necessary party pursuant to FRCP 19.  Second, if Chevron were joined as a necessary party, however, this action would of necessity be transferred and joined in the *McQueen* action, as it raises at least some of the same questions among at least some of the same parties.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# CERTIFICATE OF SERVICE

I, Nina Huerta, an attorney, do hereby certify that on July 13, 2017, I caused a copy of the foregoing **DEFENDANT CENERGY INTERNATIONAL SERVICES, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

Dated: July 13, 2017                                              By:      */s/Nina Huerta*
                                                                                    Nina Huerta

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071